Wash, J.,
delivered the opinion of the Court.
Harrison brought his action on the case against Williams for slanderous words and' recovered a verdict and judgment, to reverse which Williams has appealed to this Court. The words laid in the declaration are well charged in the second person, “you stole two of my hogs.” The words proved were, “he stole two of my hogs.” The plaintiff was permitted to prove the repetition of the slander after the commencement of suit by way of aggravation. On the trial the defendant moved the Court to instruct the jury to find for the defendant, which the Court refused to do. The plaintiff then moved the Court to instruct the jury, that'if they should believe the chaige in the declaration was supported by the proof in the cause, it was slander,- and they must find for the plaintiffj &c., which instruction the Court gave. The-errors assigned are, that the Court refused the instruction asked by the defendant,, and gave the instruction asked by the plaintiff. This mode of asking instructions from the Circuit Court on abstract questions of law, and upon all the matters of law and fact, (instead of presenting the precise questions and such only as arise from the evidence in the cause,) has been repeatedly and strongly reprehended by this Court., *291 Such general instructions should rarely, if ever, he given. The questions arising upon the record and now presented for the adjudication of this Court, are:
Eirst. Will proof of words spoken in the third person support a charge for word* spoken in the second person ?
Second. Can the plaintiff prove the repetition of the slanderous words after the commencement of 'suit in aggravation of damages ?
It has been held by this Court in accordance with the doctrine as laid down by Chitty (1 vol. p. 384,) that slanderous words must be stated as they were uttered; and that the proof of words in the third person, will not support a count for words spoken in the second, and vice versa. On this point then, the law is with the plaintiff in error, and for this the judgment must be reversed. On the second point we think the Circuit Court decided correctly in permitting the plaintiff to prove the repetition of the slanderous words after the commencement of the action. Th.e judgment of the Circuit Court is reversed with costs, and the cause remanded.