————o————

60  365
75a  52
60  365
77a  562

JOHN RAMMELL, Respondent, *vs.* MERRILL OTIS, Appellant.

1. *Slander—Words actionable per se—Words not, but referring to character, trade, etc.— What averments and proof necessary.*—Generally, words which impute an indictable offense for which corporal punishment may be inflicted—such as a charge of larceny—are actionable *per se*, and in such case no special damages need be alleged or proved; but where the words are not actionable in themselves, and cannot be made so by inducement, and the ground of complaint is, that plaintiff has been injured in respect to his character and reputation, his business or occupation, he cannot recover without alleging that the words were spoken of him in relation to one of these particulars, and setting out and establishing special damages. (Curry vs. Collins, 37 Mo., 324.)

*Appeal from Nodaway Circuit Court.*

*Dawson & Edwards*, with *Bennett Pike*, for Appellant.

I. The words charged are not actionable *per se*, but only by reason of some special damage in respect to plaintiff's trade or profession, which damage should have been averred

and proved and was not. (Curry vs. Collins, 37 Mo., 324; Sellers vs. Tell, 4 Barn. & Cr., 655.)

*Johnston & Jackson*, for Respondent.

. I. The court did not err in the admission of evidence under the second count in the petition. Any charge of dishonesty against one in connection with his profession or business, whereby his character in his profession or business may be injuriously affected, is slanderous *per se.* (Fowels vs. Brown, 30 N. Y., 20; Backus vs. Richards, 5 Johns., [N. Y.] 476; Burtch vs. Nicherson, 17 John., 217; 1 Am. Lead. C., 5 ed., 114–116; 1 Stark. Sland., 134.)

WAGNER, Judge, delivered the opinion of the court.

This was an action for slander. The petition contained two counts. The first charged that the defendant accused the plaintiff of the crime of larceny, in stealing meal, flour and grain from a mill belonging to defendant and others, in which plaintiff was employed as a miller. The second count charged that the defendant accused plaintiff, in his character and profession of miller and book-keeper for the company, with keeping false and dishonest books.

The defendant admitted speaking the words, and justified by alleging their truth. On this issue the cause was tried, and there was a verdict on both counts for the plaintiff.

On the trial defendant objected to the introduction of any testimony on the second count, because the same did not state facts sufficient to constitute a cause of action; and the principal reason assigned was, that there was no allegation of special damages. The objection was overruled, and the evidence was permitted to be introduced.

There is no controversy in reference to the proceedings on the first count. The charge in that count is the crime of larceny, and that is actionable *per se ;* and to maintain the action it is not necessary to either aver or prove any special damages. But the second count stands upon a different basis. It sets out that the plaintiff was a miller by profession,

and the owner in part and operating a grist mill; and as such miller he had always conducted and demeaned himself with honesty, etc., and was never suspected, nor had he been guilty of making false entries or falsifying the books of account of the mill in which the business transactions of the parties were kept; yet, the defendant well knowing the premises, and maliciously intending to injure the plaintiff in his good name and credit, and in his capacity and profession as a miller, and to cause it to be believed that plaintiff was guilty of keeping false and fraudulent accounts, and of dishonest acts, in his capacity and profession of miller, in a certain discourse which he had of and concerning the plaintiff, and of and concerning his profession and trade as a miller, in the presence and hearing of divers persons, falsely and maliciously spoke and published the following false, scandalous and defamatory words, to-wit: "John Rammell (meaning plaintiff) does not keep honest books," (meaning the books of account of the transactions of plaintiff, as a miller as aforesaid) by means of the speaking of said defamatory words plaintiff was greatly injured to his damage, etc., and for which he sued.

It is a well established principle, that to maintain an action for words spoken the words must either have produced a temporal loss to the plaintiff, etc., or they must impute some matter in relation to his particular trade or vocation, which, if true, would render him unworthy of employment. Any charge of dishonesty against an individual, in connexion with his business, whereby his character in such business may be injuriously affected, is actionable. If spoken of him individually, and not in connexion with his office or business, they would not be actionable. But where the words are not actionable in themselves, and cannot be made so by any matter of inducement whereby they could be made to impute an indictable offense which would be punishable by a corporal punishment, and the ground of complaint is, that the plaintiff has been injured in respect to his character and reputation, his trade and business, or his profession or occupation, the

action cannot be maintained without an averment that the words were spoken of the plaintiff in reference to some one of these things ; and, then the words become actionable, only by reason of some special damage, which must be particularly averred and proved. (Curry vs. Collins, 37 Mo., 324, Holmes J.)

The words charged in the second count were not actionable, in themselves ; they only became so by alleging that they were spoken of and concerning the plaintiff in his trade or business, and, then, before he could maintain his action, it was necessary for him to aver and prove that he was especially damaged or injured by them.

There was no allegation in the petition that the plaintiff suffered any special damage whatever, in consequence of the words spoken, and as there was no such averment, there was no proof given on the subject. The necessary ingredients, therefore, to support the count, were not made out.

We cannot see that the court committed any other error. The instructions appear to be unexceptionable. The judgment is reversed and the cause remanded. The other judges concur.