NOENINGER, *Appellant,* v. VOGT.

| 88 | 589 |
|----|-----|
| 100 | 234 |

| 88 | 589 |
|----|-----|
| 46a | 293 |

| 88 | 589 |
|----|-----|
| 110 | 525 |
| 51a | 52 |
| 51a | 112 |

| 88 | 589 |
|----|-----|
| 122 | 370 |
| 124 | 245 |
| 60a | 214 |

| 88 | 589 |
|----|-----|
| 150 | 341 |

| 88 | 589 |
|----|-----|
| 94a | [3]694 |

| 88 | 589 |
|----|-----|
| 95a | [3]735 |

1. ˙ **Slander** : ACTIONABLE WORDS.   Any charge of dishonesty against an individual in connection with his business, whereby his character in such business may be injuriously affected, is actionable.

2. ———— : ————.   A general charge against one that he is a murderer is actionable.

3. ———— : ALLEGATA AND PROBATA.   In an action for slander, the words proved must substantially correspond with those charged in the petition.

4. ———— : ———— : IMMATERIAL VARIANCE.   If the words charged to have been spoken are proved, but with the omission or addition of others not varying the sense, the variance is immaterial.

5. ———— : ———— : EQUIVALENT WORDS INSUFFICIENT.   It is not sufficient, however, that the words proved are of equivalent meaning with those charged.   They must be substantially the same words charged in the petition.

6. ———— : ———— : ————.   The rule last stated must of necessity apply to the words in the vernacular in which they are uttered.   If the proof shows that words alleged to have been spoken in a foreign language are correctly translated in the petition, it is no ground for a demurrer to the evidence that they are also translated by the witnesses by the use of equivalent words and expressions.

7. **Foreign Words** : QUESTION OF FACT.   The meaning of the words charged to have been spoken in a foreign language is a question of fact, to be proved by those conversant with both languages.

8. **Demurrer to Evidence** : PRACTICE.   A demurrer to the evidence

admits every fact which any of the evidence tends to prove and also every fact that the jurors may with propriety infer from the evidence before them. It should be allowed only when the evidence thus considered wholly fails to make proof of some essential averment.

9. ——— : ———. Where the evidence tends to support one of the two counts of the petition, the demurrer to the evidence should be overruled.

10. Slander: WORDS IMPUTING DISHONESTY IN BUSINESS : SPECIAL DAMAGES. Language which imputes to one fraud or want of integrity in his business is actionable *per se* and special damages need not be alleged.

11. ——— : ——— : LOSS OF BUSINESS. In such case a general diminution or loss of business may be proved ; certainly so, where there is a general allegation to that effect in the petition.

12. ———: ——— : ———. It is not necessary to name particular customers who have ceased to do business with the plaintiff.

13. ——— : ——— : ———. The plaintiff should not only be allowed to show loss of business, but should also be permitted by his evidence to trace that loss, if he can to the alleged slander.

14. ——— : ——— : REPETITION OF SLANDEROUS WORDS. Plaintiff may also show a repetition by the defendant of the slanderous words, to prove malice in fact, and this may be done, it seems, although the repetition was made after commencement of suit.

*Appeal from Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*Oliver & Limbaugh* for appellant.

(1) A charge of dishonesty against an individual in connection with his business, whereby his character in such business may be injuriously affected, is actionable. *Rummel v. Otis*, 60 Mo. 365. (2) The words charged in these two counts are actionable *per se*. Cooley on Torts, 192 and 202 [1 Ed.] and cases cited ; *Burtch v. Nickerson*, 17 Johns. 217 ; *Brooker v. Coffin*, 5 Johns., 188 ; 2 Wheaton's Selwin, 1272 and 1273 ; Townsend on

Libel and Slander [3 Ed.] sec. 192, and cases cited. And in such cases the law infers malice. *Hall v. Adkins*, 59 Mo. 144; *Price v. Whiteley*, 50 Mo. 439; *Pennington v. Meeks*, 46 Mo: 217; *Weaver v. Hendrick*, 30 Mo. 502 ; *Lewis v. Few*, 5 Johns. 1. (3) The court erred in sustaining the demurrer to the evidence. *Wilson v. Bd. of Education*, 63 Mo. 137 ; *Frick v. Railroad*, 75 Mo. 595 ; *Buesching v. Gaslight Co.*, 73 Mo. 219 ; *Cook v. Railroad*, 63 Mo. 397.

*Wilson Cramer* and *R. H. Whitelaw* for respondent.

BLACK, J.—This is an action of slander in three counts. The slanderous words were spoken, in the German language, to, and in the hearing of the plaintiff, and in the hearing of other persons, all of whom understood their meaning. The petition sets out the offensive words in the language in which they were uttered and also gives a translation of them. At the close of the plaintiff's case, the court sustained a motion for judgment for the defendant, "on the ground that the evidence failed to sustain the averments of the petition. The respondent has filed no brief and all we have to indicate his position is the motion itself.

The charge of the first count, as the words are translated, is "You are a defrauder; all that you have you accumulated by defrauding," intending thereby to charge plaintiff with cheating and defrauding in his business of a merchant and miller. It is also alleged that the plaintiff was engaged in those occupations, and that the words were uttered of him in his said business. The defamatory words of the third count, as translated, are : "You are an incendiary and a murderer." Any charge of dishonesty against an individual in connection with his business, whereby his character in such business may be injuriously affected, is actionable. *Rammell v.*

*Otis*, 60 Mo. 365. That these words of the first count do charge the plaintiff with fraud and dishonesty in his business cannot be questioned, and the evidence tends to show that they were spoken of the plaintiff in his occupation of a merchant and miller. A general charge of being a murderer is actionable. Townshend on Lib. and Slan., sec. 168; Odgers on Lib. and Slan. [Bigelow] 65, 121. See also *Anthony v. Stephens*, 1 Mo. 254. It follows that the words of both of these counts are actionable.

The words as alleged in the German are proved with scarcely any variance, but there is some variance in the translation as made by the witnesses, and especially is this so, as to the word, "Mordbrenner," in the third count. The witnesses generally use expressions of similar import; one translates the words of both counts exactly as stated in the petition. The slander proved must substantially correspond with that charged. This rule, it has been repeatedly held by this court, means that if the words charged to have been spoken are proved, but with the omission or addition of others, not varying the sense, then the variance is immaterial. It is not enough, however, that the words proved are of equvialent meaning; they must be substantially the same words laid in the petition. *Berry v. Dryden*, 7 Mo. 324; *Birch v. Benton*, 26 Mo. 153; *Street v. Bushnell*, 24 Mo. 329; *Pennington v. Meeks*, 46 Mo. 217; *Bundy v. Hart*, *Id.* 466. The rule just stated must of necessity apply to the words in the vernacular in which they are uttered. If the proof shows that the words are correctly translated in the petition, it is no ground for demurrer to the evidence that they may be or are, by the witnesses, also translated by the use of equivalent words and expressions. The meaning of the foreign words is a question of fact, to be proved like any other fact. This will, of course, be done by those conversant with both languages.

Again a demurrer to the evidence admits every fact which any of the evidence tends to prove, and also every

fact which the jurors might with propriety infer from the evidence before them. It should be allowed only when the evidence, thus considered, wholly fails to make proof of some essential averment. *Wilson v. Board of Education*, 63 Mo. 140; *Kelley v. Railroad*, 70 Mo. 609; *Frick v. Railroad*, 75 Mo. 601. Here there was evidence tending to support both of these counts, and if there had been evidence tending to support one only, still the demurrer should not have been given and the defendant should have been put to proof on that count. In no view of the case can the action of the court be sustained. We do not understand the second count to be relied upon and hence it is not considered.

Language which imputes to one fraud, or want of integrity in his business, is actionable, *per se*, and hence special damages need not be alleged. Towns. on Lib. and Slan. sec. 192; Odgers *Ib.* [Bigelow's Ed.] 308; Cooley on Torts, 196. In such cases a general diminution or loss of business may be proved, certainly so, where there is a general allegation to that effect in the petition, as is the case here. It is not necessary to name particular customers who have ceased to do business with the plaintiff. Odgers, 317 and 318; Townshend, section 345. The plaintiff should not only be allowed to show loss of business, but he should also be allowed by his evidence to trace that loss, if he can, to the alleged slander. He may also show a repetition by the defendant of the slanderous words, to prove malice in fact. This was allowed at an early day in this state, though the repetition was made after suit commenced. *Williams v. Harrison*, 3 Mo. 412. The judgment is reversed and the cause remanded. All concur.