DORA SCHMIDT, Respondent, v. WILLIAM G. BAUER, Appellant.

St. Louis Court of Appeals, January 2, 1895.

**Slander:** PLEADING: VARIANCE. When an action of slander is based on a defamation which is pleaded as having been spoken by the defendant directly to the plaintiff, proof that the alleged defamation was spoken by the defendant to a third person of and concerning the plaintiff will not sustain the pleading.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Charles A. Smith* and *Alfred A. Paxson* for appellant.

The instructions asked by the defendant should have been given. "Proof of words spoken in the second person will not sustain a petition charging the

speaking to have been in the third person." *Bundy v. Hart*, 46 Mo. 466; *McConnell v. McCoy*, 7 S. & R. 223; *Cock v. Weatherby*, 5 S. & M. 333; *Miller v. Miller*, 8 Johns. 75; *Rutherford v. Moore*, 1 Cranch, C. C. 388; *Birch v. Simms*, 1 Cranch, C. C. 550; *Stannard v. Harper*, 5 Manning & Ry. 295; *Wolf v. Rodifer*, 1 Harris & J. 409; *Phillips v. Odell*, 5 Up. Can. Q. B. (O. S.), 483.

*B. A. Lange* and *Leo. S. Rassieur* for respondent.

The instruction asked by the defendant was properly refused, the variance complained of being immaterial. The recent cases uniformly hold that it suffices to prove enough of the exact words charged in the petition, or substantially the same words, which contain the *gravamen* or poison of the charge. *Unterberger v. Scharff*, 51 Mo. App. 102; *Baldwin v. Fries*, 46 Mo. App. 292; *Lewis v. McDaniel*, 82 Mo. 577; *Mix v. McCoy*, 22 Mo. App. 494; *Clement v. Maloney*, 55 Mo. 352; *Casey v. Aubuchon*, 25 Mo. App. 93; *Wood v. Hilbish*, 23 Mo. App. 399; *Noeninger v. Vogt*, 88 Mo. 589.

BOND, J.—This is a suit for slander. The words charged reflected on the character of plaintiff, and are set forth as having been spoken to her. They are such as the law makes actionable *per se*. The answer is a general denial.

On the trial there was much testimony tending to show that the words charged were not uttered *directly* to the plaintiff, but that the actionable portion of said words was substantially spoken to third persons concerning the plaintiff. The court, at the instance of the plaintiff, submitted to the jury the issue, solely, whether or not the defendant used the words quoted

in the petition as addressed to the plaintiff in the second person, and directed them, if they so found, to bring in a verdict for the plaintiff. The defendant requested the court to give the following instruction:

"The jury are instructed that it is necessary in an action for slander for the plaintiff to prove substantially the words alleged in the petition to have been uttered by defendant and as therein alleged; and in this case the allegation is that the words complained of were uttered directly to plaintiff. If, therefore, you believe from the evidence that the words complained of were uttered by the defendant, but not directly to the plaintiff but to some third person about the plaintiff, the plaintiff is not entitled to recover in this case, and your verdict should be for the defendant."

This instruction the court refused to give, to which ruling an exception was duly saved. The jury returned a verdict for plaintiff for $1,500. From a judgment thereon the present appeal is taken. The chief error insisted on is the refusal by the court of the instruction, *supra*, requested by defendant.

The rule as to the proof required in an action for slander is that it is sufficient to prove the words charged to have been spoken, and that the addition or omission of others not varying the sense is immaterial. This rule will not admit the proof of words of equivalent meaning, but requires "substantially the same words laid in the petition" to be proved *Noeninger v. Vogt*, 88 Mo. 589; *Bundy v. Hart*, 46 Mo. 460; *Williams v. Harrison*, 3 Mo. 411. In applying this rule it was said by Judge BLISS that, "proof of words spoken in the second person will not sustain a petition charging the speaking to have been in the third person." *Bundy v. Hart*, *supra*, *loc. cit.* 466.

In the other cases cited *supra*, the direct question before the court was: "Will proof of words spoken

in the third person support a charge for words spoken in the second person?" To this it was answered: "It has been held by this court in accordance with the doctrine as laid down by Chitty (1 Vol., p. 384), that slanderous words must be stated as they were uttered, and that the proof of words in the third person will not support a count for words spoken in the second, and *vice versa.*" *Williams v. Harrison,* 3 Mo. *loc. cit.* 412. Neither of these cases has been overruled by the subsequent decisions of the supreme court, and both of them are cited in the decision, *Noeninger v. Vogt,* 88 Mo. 589, *supra.* We must, therefore, apply the rule as expressed in them, until it shall be disapproved by the supreme court. According to that rule it is manifest that the trial court erred in refusing the instruction *supra,* prayed by defendant.

While it is true that plaintiff's petition contained a parenthesis, after the charge of the speaking by defendant of certain quoted words used in the second person, wherein similar words spoken of Mrs. Schmidt in the third person were expressed, it seems that the pleader thereby intended only to make application of the former words to plaintiff. But, however that may be, the petition, which is drawn in the loosest manner, does not charge these parenthetical words to have been uttered of and concerning the plaintiff, as it should have done if they were relied on as a cause of action (Revised Statutes, 1889, section 2080); and plaintiff's instructions grounded her only right to recover on the assumed speaking of the particular words quoted in the petition as addressed to her in the second person. It is apparent that the instruction requested by the defendant was intended to present the alternative of the rule of law applicable to plaintiff's theory of her cause of action on the only issue which she tendered the jury. It is not disputed that

there was evidence of the facts predicated in defendant's instruction, and, as it contained a correct statement of the law as applicable thereto, its refusal was error requiring the reversal of the present judgment and the remanding of the cause, which is accordingly done.   All concur.