JAMES W. CURRY, Appellant, *v.* THOMAS H. COLLINS, Respondent.

*Slander* — *Pleading.* — When the slanderous words used do not of themselves impute to the plaintiff the commission of a crime or offence involving moral turpitude, or some infamous punishment, the petition must contain an averment of the extrinsic matter necessary to show that the words are actionable. The words "he is a bushwhacker" are not actionable *per se.* Where the ground of complaint is that the plaintiff has been injured in his character, reputation, or business, the action cannot be maintained without an averment that the words were spoken of the plaintiff in reference thereto, and the words become actionable by reason of some special damage which must be averred and proved as laid.

*Appeal from Worth Circuit Court.*

The petition was as follows :

"Plaintiff states that on the 6th day of June, A. D. 1865, at the county of Worth aforesaid, the defendant, in the presence and hearing of divers citizens of said county, maliciously spoke of and concerning plaintiff the following false and slanderous words, that is to say : " I (meaning the defendant) was yesterday insulted by a bushwhacker, and James W. Curry (meaning plaintiff) was the man.' ' A bushwhacker insulted me (meaning defendant), and Curry (meaning plaintiff) was the man.' ' I (meaning defendant) was insulted by James Curry (meaning plaintiff), a bushwhacker.' ' James W. Curry (meaning plaintiff) is a bush-

whacker.' 'I (meaning defendant) was insulted by a bush-whacker, and James W. Curry (meaning plaintiff) is the man.' 'A bushwhacker insulted me (meaning defendant) yesterday, and James W. Curry (meaning plaintiff) is the man.' Defendant thereby then and there intending to charge, and did charge plaintiff, to the understanding of the said citizens then and there hearing the said words as afore-said, of being a bushwhacker, and of being an enemy to his government and country, and of being guilty of the crimes of murder and robbery. Wherefore plaintiff says, that, by the speaking of said false and slanderous words by defend-ant, he is damaged to the amount of five thousand dollars, and for which he asks judgment."

To this petition a demurrer was sustained.

*Richardson*, for appellant.

*Dixon* and *Vories & Vories*, for respondent.

I. The petition contains no averment, except that the de-fendant, on the 6th day of June, 1865, called plaintiff a "bush-whacker." As the true meaning of the term cannot *per se* impute a crime, inuendoes cannot enlarge its meaning so as to make it actionable. An inuendo cannot extend the sense of the words beyond their own meaning, unless something be *put upon* the *record for it to* explain. (Vanvechten v. Hopkins, 5 Johns. 220; McClaagry v. Wetmore, 6 Johns. 83; Thomas v. Crasswell, 7 Johns. 271.)

Again, if the words do not naturally and *per se* convey the meaning the plaintiff would wish to assign to them, or are ambiguous or equivocal, and require explanation by refer-ence to some extrinsic matter to show that they are actiona-ble, it must be expressly shown that such matter existed, and that the slander related thereto. (Chit. Pl., 10 Am. ed., 400; 8 East. 431; 9 East. 93; 13 East. 554; 2 Pick. 320; 15 Wend. 327.)

To call a person a "bushwhacker," or to say he is a "bush-whacker," is not slanderous, and therefore not actionable, without an averment or colloquium that the term was synon-

ymous, and was so understood to be, with murderer, robber, traitor, or the perpetrator of some other infamous crime. Such averment or colloquium is matter of proof upon the trial, while an inuendo is nothing but a mere explanation of the colloquium and slanderous words as understood by the plaintiff. (Niven v. Munn, 13 Johns. 48; Hopkins v. Beedle, 1 Caines, 347; Ward v. Clark, 2 Johns. 10; Chapman v. Smith, 13 Johns. 68; Crookshank v. Gray, 20 Johns. 344; Adams v. Hannon, 3 Mo. 160; Dyer v. Morris, 4 Mo. 214; Palmer v. Hunter, 8 Mo. 512.)

As the plaintiff does not demand special damages, he relies upon the words being actionable in themselves. Words cannot be actionable in themselves unless they imply guilt of some offence for which the plaintiff might be punished by the criminal courts, or that he has a disease that renders him unfit for society. (2 Bouv. Law Dict. 528; 1 Hill. on Torts, 401; 1 Stark. on Sland. 390.)

II. The petition is manifestly defective in this, to-wit:—As an inuendo cannot enlarge or change the meaning of the words, and is not an averment, but the mere opinion of the plaintiff as to the meaning of words, the petition ought to contain an averment that the words were spoken by the defendant *with the intent* to charge a particular crime. See Andrews v. Woodman, 15 Wend. 232, and 1 Stark. Sland. 390, n., where the Court say—"So, where, from the ambiguity of the terms used in reference to the offence charged, the words have a covert meaning, to render the declaration good, it must be averred that they were spoken *with the intent* to charge a particular crime, the difficulty cannot be obviated by an inuendo."

The words, "you are a bogus pedler," without any averment showing the meaning of the term, are not actionable. (Seney's Ohio, Code 166.)

As the term "bushwhacking" is used in our Constitution, it will not bear the construction given to it by plaintiff's inuendo, for it defines bushwhacking as a "description of marauding."

The rule is, that words imputing a charge which, if true, would subject the party charged to indictment for a crime involving moral turpitude, or subject him to an infamous punishment, are actionable in themselves. If they fall short of this test, they are not actionable merely as imputing an offence, but special damages mnst be shown. (Brooker v. Coffin, 5 Johns. 188.) And this is the rule re-asserted in Widing v. Oyer, 13 Johns. 124; Martin v. Stillwell, id. 275; Burch v. Nickerson, 17 Johns.; Case v. Buckley, 15 Wend. 327; Bissell v. Cornell, 24 Wend. 354; Young v. Miller, 3 Hill, 21; Chase v. Whitlock, id. 139; Crawford v. Wilson, 4 Barb. 504; Pike v. Van Wormer, 5 How. 171.

HOLMES, Judge, delivered the opinion of the court.

This was an action of slander. There was judgment upon demurrer for the defendant. The substance of the petition was, that the defendant, in the presence and hearing of divers citizens, maliciously spoke of and concerning the plaintiff the following false and slanderous words, that is to say, "I (meaning the defendant) was yesterday insulted by a *bushwhacker*, and James W. Curry (meaning the plaintiff) was the man"; and the same is repeated in various forms, the amount of the whole being that the defendant called the defendant a *bushwhacker;* thereby intending to charge the plaintiff, to the understanding of said citizens, with being a bushwhacker and an enemy to his government and country, and with being guilty of the crimes of robbery and murder; and damages are claimed to the amount of five thousand dollars. The ground of the demurrer was that the petition did not state facts sufficient to constitute a cause of action. The specified objection relied upon seems to be that the words are not in themselves actionable, and that there should have been some averments, by way of inducement, for the purpose of showing that the word "bushwhacker" was used in a sense that would impute to the plaintiff some indictable offence involving moral turpitude, or some infamous corporal punishment.

Since the statute, (R. C. 1855, p. 1240, § 55) there need be no colloquium of extrinsic facts for the purpose of showing the application of the defamatory matter to the plaintiff, more than that the words were spoken of and concerning him. (Stieber v. Wensel, 19 Mo. 513.) And when the slanderous words are actionable in themselves, it is not necessary to make any prefatory averments as to the circumstances to which they refer; but if the words do not, *per se*, convey the meaning which the plaintiff would assign to them, the petition must contain a statement of the extrinsic matter necessary to show that they are actionable, and what is necessary to be stated must be proved. (McManus v. Jackson, 28 Mo. 56.) As to what words are in themselves actionable, the general rule would seem to be, that the charge contained in them must be such that, if true, it would subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment; (Brooker v. Coffin, 5 Johns. 191; Martin v. Stillwell, 13 id. 275;) but as many offences are indictable as misdemeanors, not necessarily involving moral turpitude or any infamous punishment, it has been held that the rule that is most safe and certain in its application is, that words are in themselves actionable which impute an indictable offence for which corporal punishment may be inflicted. (Birch v. Benton, 26 Mo. 153.) The term *bushwhacker*, as an old English word, would not of itself import anything of a criminal nature; much less would it imply any particular indictable offence known to our law. But of late the word has come to have a special application and a particular signification in popular use, at least within this State. Since the date of this petition, it has found its way into the Constitution of the State (Art. II., § 3), where it seems to have been used as equivalent to " that description of marauding commonly known as *bushwhacking*." A marauder is defined in the law to be " one who, while employed in the army as a soldier, commits larceny or robbery in the neighborhood of the camp, or while wandering away from the army" (2 Bouv. Law Dict. 133);

Curry v. Collins.

but in the modern and metaphorical sense of the word, as now sometimes used in common speech, it seems to be applied to a class of persons who are not a part of any regular army, and are not answerable to any military discipline, but who are mere lawless banditti, engaged in plundering, robbery, murder, and all conceivable crimes. But we cannot say that the word has yet received any such fixed, definite, and generally received sense, in the popular mind, much less in any critical use of the language, that it can be declared as a matter of law, by its own force, to convey a direct imputation of any specific indictable offence.

Where the words are not in themselves actionable, they can only be made so by such averments, in relation to extrinsic matters, as will show that the defendant imputed to the plaintiff a criminal offence. In such cases the extrinsic facts, in reference to which the words spoken become actionable, are usually first averred, and then the *colloquium* that the words spoken related to those facts, and were spoken concerning the plaintiff; and lastly, by proper *inuendoes*, the application of the word is made to the previous averments; and it is not enough merely to add a statement, that the defendant thereby intended to impute a crime, as if one should say " he never signed the note," and it should be averred that he thereby meant to impute the offence of forgery. (Andrews v. Woodman, 15 Wend. 232; Dyer v. Morris, 4 Mo. 214.)

The pleader may have been induced to forego the making of any such averments by the consideration that he might not be able to prove them. In the concluding part of the petition it is alleged that the defendant, by the use of that word, intended to charge him with being a bushwhacker— an enemy to his government and country, a robber, and a murderer. The plaintiff does not appear to have considered himself charged with any specific indictable offence, but rather with belonging to a class of persons, of whom it was a descriptive characteristic to be guilty of all sorts of crimes, and so, that he was himself a person of very bad character and reputation.

But when the words are not in themselves actionable, and cannot be made so by any prefatory inducement, whereby they can be made to impute an indictable offence which is punishable by a corporal punishment, and the ground of the complaint is, that the plaintiff has been injured in respect to his character and reputation, his trade and business, or his profession or occupation merely, the action cannot be maintained without an averment that the words were spoken of the plaintiff in reference to some one of these things, and then the words become actionable only by reason of some special damage, which must be particularly averred and proved as laid. There were no averments of this kind in this petition, and for this reason also it must be held to be bad on demurrer.

The judgment is affirmed. Judge Wagner concurs; Judge Lovelace absent.