## MRS. JOE BOYCE, Respondent, v. ELLA H. WHEELER, Appellant.

### Kansas City Court of Appeals, February 19, 1912.

1. **SLANDER: Ambiguous Words: Crime.** Where words charged to be slanderous do not obviously or necessarily charge a criminal offense, it should be alleged and proved that the intention was to charge a crime and that it was so understood by those who heard them.

2. ——: ——: **Instruction Submitting Matter of Law.** It is error to submit to a jury the question whether certain words constituted a charge of theft or embezzlement, or a violation of the laws of the state.

3. ——: ——: ——: **Pleading: Special Damage.** Where no claim of damage for frightening a sick child, is made in the petition, no evidence thereof should be admitted.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

REVERSED AND REMANDED.

*A. B. Wheeler* and *Charles J. Walker* for appellant.

(1) The second count of plaintiff's petition does not state facts sufficient to constitute a cause of action. Plaintiff must allege and prove that the words charged were used in an actionable sense and that the hearers so understood them. Unterberger v. Scharff, 51 Mo. App. 102; Walker v. Hoeffner, 54 Mo. App. 554; Lewis v. Humphries, 64 Mo. App. 466. (2) The plaintiff introduced over the objection of the defendants evidence of the effect of the visit of the constable and Mrs. Wheeler upon plaintiff's sick child. This was a matter of special damages and should have been pleaded. Friedman v. Pub. Co., 102 Mo. App. 683. (3) The verdict was against the evidence. There was no evidence that Mr. Wyatt, the constable, and

Daisy Dodson, the daughter of plaintiff, who were alleged to have heard the words set out in the second count of plaintiff's petition, understood them to impute to plaintiff a criminal offense. This was essential to plaintiff's right or recovery under the second count. (See evidence of Daisy Dodson and evidence of Marion Wyatt.) Lewis v. Humphries, 64 Mo. App. 466; Barree v. Cape Girardeau, 132 Mo. App. 182. The instructions complained of committed to the jury the judicial function of determining whether or not the words alleged and proven constituted a criminal offense. This was palpable error. Eaton-Price Co. v. Trust Co.; 123 Mo. App. 117; Cockrell v. McIntyre, 161 Mo. 59; State v. Hardelein, 169 Mo. 579. These instructions leave it to the jury to determine whether or not the words alleged and proven constituted a crime under the laws of this state. White v. Reitz, 129 Mo. App. 307. The only function of the jury is to decide issues of fact and it is error to submit to the jury questions of law or mixed questions of law and fact. Clem v. Railroad, 119 Mo. App. 249.

*J. L. Stephens* for respondent.

(1) Counsel for appellants urge that the witnesses who testified to having heard the slanderous words spoken should also have testified that they so understand the language Daisy Dodson testified not in substance the language used, but to the words themselves, it would be folly to ask a witness if she understood what she understood. The language used by the defendant Ella Wheeler had no uncertain meaning. A child can understand the slanderous words used much less a grown girl and an officer of the law. These witnesses heard the slanderous words spoken by Ella H. Wheeler, and testified, using the same words. This objection is like unto the entire defense—gausy. It seems that the other five points under points and au-

thorities are but a repetition of the first, in counsels brief for appellant. Only that the court committed error in giving instructions which left it for the jury to determine whether a charge of a criminal offense had been made by the use of the words spoken as testified to. Now if the words testified to by the witnesses who heard them used, were so plain and simple as to be understood by the jury; why find fault that the court did not tell the jury that the words used, if used, by appellant, Ella H. Wheeler constituted a criminal offense or that of larceny. This is a hypercritical criticism. The instructions given by the court for respondent are founded in the law and logical in reason. (2) The verdict of the jury does not appear to be the result of passion or prejudice, on account of disturbing the sick boy by running through the rooms as Mrs. Wheeler did, but it is based upon the conclusive evidence and for the right party.

ELLISON, J.—Plaintiff's petition was for libel in the first count and slander in the second. The judgment was for defendant on the first and it will not be further noticed. But on the second the judgment was for plaintiff and defendant appealed.

The charge in the second count is as follows:— That "defendant in the presence and hearing of plaintiff and other persons, to-wit: R. M. Wyatt and Daisy Dodson, falsely, wantonly, willfully and maliciously spoke of and concerning the plaintiff, Mrs. Joe Boyce, certain false, defamatory and slanderous words, to-wit: 'This is my bowl and pitcher; you have taken them. You have taken ten ($10) dollars worth of dishes from me. You took my decorated set of china; if you will get them and pack them up for me so I can take them home with me this evening, then I will not use the law on you, but if you don't, I will use the law on you. You have my set of decorated china and you have to get it, its here' (meaning in the house of

plaintiff), thereby intending to charge and impute and then and there falsely, wantonly, willfully and maliciously charging and imputing to plaintiff, Mrs. Joe Boyce, of being guilty of a criminal offense, whereby,'' etc.

It seems that defendant left at plaintiff's house a lot of china and glassware, packed in a barrel. Some of it was said to have been taken and defendant had a search warrant issued and delivered to the constable, which he took to plaintiff's house to execute, defendant accompanying him. The constable went to the front and defendant to the back door, and while he was reading his warrant to plaintiff, defendant entered through the back way, found and brought out to the front a washbowl and pitcher which she claimed was her property, and there, in the presence of the constable and parties already named, she made the charge we have set out.

It appears that plaintiff had a sick son confined to his bed during defendant's search of the house, and this was allowed to be shown, and that defendant frightened him. Nothing of this nature appeared in the second count of the petition and no special damage was claimed. It was therefore error to receive evidence of these matters without confining it to the count in which it was alleged.

The words above set out do not necessarily charge larceny, or other criminal offense. To charge one with having another's property is by no means a charge of having it criminally. Nor does a charge of having taken another's property obviously or necessarily charge theft or other violation of the criminal law. The additional threat to ''use the law on you,'' might well have meant the institution of a civil action, maybe replevin. So, therefore, the petition should charge and the evidence should show that the words were understood by those who heard them to impute to plaintiff the commission of a crime. [Lewis v. Humphries,

64 Mo. App. 466, 471; Unterberger v. Scharff, 51 Mo. App. 102; Walker v. Hoeffner, 54 Mo. App. 554.]

Instructions for plaintiff submitted to the jury to find whether certain words charged constituted "an offense against the laws of the state;" and whether they constituted a charge of "theft or embezzlement." Those are questions not proper for the determination of a jury. [State v. Hardelein, 169 Mo. 579; White v. Reitz, 129 Mo. App. 307.]

No special damage was claimed in the second count and no evidence of fright of the son should be allowed under that count.

The judgment is reversed and the cause remanded. All concur.