MRS. JOE BOYCE, Respondent, v. ELLA H. WHEELER et al., Appellants.

St. Louis Court of Appeals, May 8, 1917.

1. **LIBEL AND SLANDER:** Words Not Necessarily Imputing Cr'me: Innuendo. Where words charged to be slanderous do not necessarily impute a criminal offense, but are quite readily susceptible of that meaning, it is necessary for the petition not only to allege, by way of innuendo, that defendant thereby meant to charge plaintiff with the commission of such criminal offense, but that the words were understood by those who heard them, to charge plaintiff with the commission of such crime.

2. ———: ———: Sufficiency of Innuendo. In an action for slander, the petition alleged that defendant spoke of and concerning plaintiff certain false and slanderous words therein set out, amounting to a charge that plaintiff had taken certain dishes belonging to defendant, and alleged that thereby defendant meant to charge plaintiff with the crime of larceny or embezzlement, and was understood by persons present as charging plaintiff with such crimes. *Held,* that these allegations were sufficient, without alleging any special extrinsic facts to bring out the defamatory meaning of the words, as the words were susceptible of an injurious meaning and it was for the jury to determine the sense in which they were used and how they were understood by the hearers. [REYNOLDS, P. J., dissents.]

3. ———: ———: Sufficiency of Evidence. In such case, evidence *held* sufficient to warrant a finding that such language was intended to mean, and was understood as charging, that plaintiff was guilty of larceny or embezzlement. [REYNOLDS, P. J., dissents.]

4. ———: Presumptions in Support of Verdict. After verdict, in an action for slander, the court will take the words charged to be slanderous as having been used and understood in the sense in which the jury must have found that they were used and understood in order to return a verdict for plaintiff.

5. ———: Words Actionable without Proof of Special Damage. Although words charged to be slanderous do not unequivocally and

in direct terms charge a criminal offense, allegation and proof of special damages is not required, if they are fairly· susceptible of constituting such a charge and may naturally be understood as intended to convey such meaning and are found by the jury to have been meant to impute a crime and to have been so understood by the hearers.

6. ——: ——. With the exception of defamatory words touching one's fitness for or integrity in office, or prejudicing one in his trade, profession or business, oral words are actionable without proof of special damage, only when they impute the commission of an indictable offense punishable by corporal punishment, or impute a loathsome, contagious disease such as. would intend to exclude one from society, or impute unchastity to a woman.

7. ——: ——. Slanderous words which impute a crime are actionable without proof of special damage, irrespective of whether or not the offense charged may be legally said to involve moral turpitude.

8. TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision. A demurrer to the evidence admits every fact which the jury might reasonably infer from all the facts and circumstances shown in evidence.

9. INSTRUCTIONS: Cautionary Instructions. It is not only the office of instructions to inform the jury as to the law of the issues raised, but, where the evidence is of such a character as might easily lead to the raising of a false issue, the court ought to guard against such an issue by appropriate instructions.

10. LIBEL AND SLANDER: Legal Malice: Presumptions. Where false words are defamatory and actionable, or may properly be found to be so, and are not privileged, legal malice is implied from the utterance thereof.

11. DEFINITIONS: "Malice." Legal malice is the intentional doing of a wrongful act without just cause or excuse.

12. LIBEL AND SLANDER: Instructions: Failure to Require Finding of Publication. In an action for slander in charging plaintiff with taking dishes belonging to defendant, alleged by the innuendo to mean that defendant thereby charged and intended to charge plaintiff with the crime of larceny or embezzlement, and that the hearers so understood, the court instructed that all that plaintiff was bound to prove, to entitle her to recover, was the speaking by defendant of enough of the words in question to amount to the charge that plaintiff stole or embezzled defendant's property. *Held*, that the instruction was erroneous for failing to require a finding that defendant meant to convey the imputation that plaintiff was guilty of the crime of larceny or embezzlement, and in failing to require a finding that the hearers so understood the words; and this error was not cured by other instructions given, which re-

quired an affirmative finding on these matters as a condition precedent to returning a verdict for plaintiff, as the instructions were conflicting and inconsistent and it was impossible to tell which the jury followed.

13. **INSTRUCTIONS: Omissions: Cure by other Instructions.** Where an instruction given for the plaintiff purports to cover the whole case and authorizes a verdict on the facts therein hypothesized, but omits to require facts to be found that are essential to sustain the cause of action, the error cannot be cured, nor the omission supplied, by other instructions given for plaintiff which supply the omitted matter.

14. **LIBEL AND SLANDER: Punitive Damages.** In an action for slander, the fact that defendant spoke the slanderous words under excitement and in the heat of passion should be considered as mitigating, rather than aggravating, the recovery of punitive damages.

15. ———: ———: **Excessiveness of Recovery.** In an action for slander, *held* that an assessment of $1000 exemplary damages against defendants, who were in poor or moderate circumstances, was a severe and, under the facts of the case, an unwarranted punishment; but, in view of the fact that the judgment was reversed on other grounds, *held* that it was unnecessary to interfere with the verdict on the ground of excessiveness or to pass final judgment on the matter.

REYNOLDS, P. J., dissents in part.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AND REMANDED.

*H. S. Booth* and *A. C. Whitson* for appellants.

(1) The court erred in permitting the introduction of testimony at the beginning of the trial as the petition does not state a cause of action. The words alleged are not actionable *per se* and no matter of inducement was pleaded to make them so. Crystal v. Craig, 80 Mo. 373; Moore v. Johnson (Ky.), 144 S. W. 765, 1. c. 767, 768; Townsend on Libel & Slander, sec. 308; Vanloon v. Vanloon, 159 Mo. App. 255; Boyce v. Wheeler, 161 Mo. App. 506. (2) The defendant's demurrer to the evidence should have been sustained at the close of plaintiff's

testimony and at the close of all the testimony for the words were not actionable *per se* and no matter of inducement was pleaded nor was any damage alleged or proved. See authorities supra, and Vanloon v. Vanloon, 159 Mo. App. 1. c. 272. (3) There was no issue in the case as to whether or not the plaintiff was guilty of any offense and instruction No. 3 should not have been given. Justification was not pleaded by defendants. The instruction given was highly prejudicial to defendants. (4) The words not being actionable *per se* instruction No. 6 should not have been given, malice was not presumed nor was any proof of malice given. Moore v. John, 144 S. W. 765; 25 Cyc. 372 and cases cited, note 39. For the same reason instruction No. 8 for plaintiff should not have been given. (5) In an action for slander where words are not actionable *per se* damage must be alleged and proved and instruction No. 9 given for plaintiff was highly prejudicial to defendants. 25 Cyc. 454 (B); Vanloon v. Vanloon, 159 Mo. App. 272; Ramuel v. Otis, 60 Mo. 365, 1. c. 366 App. 4 opinion by WAGNER; Curry v. Collins, 37 Mo. 324. It has been decided in this case by Kansas City Court of Appeals, 161 Mo. App. 1. c. 507, that the words alleged in the plaintiff's petition are not actionable *per se.* For the same reason instruction No. 10 given for plaintiff is erroneous and it was error to refuse instructions Nos. 5 and 6 offered by defendant. (6) No damage being alleged, the plaintiff has no cause of action and the court should have directed a verdict for the defendants.

*J. L. Stephens* and *E. S. Gantt* for respondents.

(1) The petition charges that the defendant, Ella H. Wheeler, spoke of and concerning plaintiff, Mrs. Joe Boyce, certain words concerning certain property which under the law is the subject of larceny, which words, used, are capable of conveying a charge of embezzlement or larceny, and which further avers, were meant to convey and was so understood to convey such charge and that the words were used while defendant

was in the home of plaintiff. No plainer charge could have been made and no additional allegation could have aided the charge. R. S. Mo. 1909, sec. 1818. Defects of petition are cured after verdict. Stonements v. Head, 248 Mo. 243; Palmer v. Hunter, 8 Mo. 512; Ballenstine v. Booth, 13 Mo. 427; Jones v. Bonner, 172 Mo. App. 132. Where the language in a slander case is ambiguous or capable of more than one meaning, evidence as to how the persons present understood them is admissable. Peak v. Laubman, 251 Mo. 390; Julian v. Kansas City Co., 209 Mo. 113; Lewis v. Humphries, 64 Mo. App. 466. This is a settled law in this country. The allegations of the petition were supported by the evidence. (3) Appellant complains of all the instructions given on behalf of plaintiff. They were all drawn from instructions that have been approved and followed in this State in like cases under similar allegations and facts. There were enough of the words proven to make a charge of theft, larceny or embezzlement, and the persons present who heard the words so understood them. Lewis v. McDaniel, 82 Mo. 577; Pennington v. Meeks, 46 Mo. 217; Parsons v. Henry, 177 Mo. App. 328. Plaintiff proved all the words alleged, and proved they were spoken maliciously and falsely. So there is no merit in this complaint.

ALLEN, J.—This is an action for slander. The suit was instituted in the circuit court of Boone county, where a trial was had, resulting in a verdict and judgment in favor of plaintiff for $171, but on defendant's appeal to the Kansas City Court of Appeals, the judgment was reversed and the cause remanded. Thereafter the case went on change of venue to Audrain county, where a trial before the court and a jury resulted in a verdict and judgment for plaintiff for $2000 actual damages and $1000 punitive damages. From this judgment the defendants prosecute the appeal before us. In the testimony reference is made to a trial said to have been had prior to that first above mentioned, at which the jury failed to agree upon a verdict. But the record proper contains nothing with reference thereto.

The amended petition upon which the cause was last tried alleges that on June 25, 1910, in the city of Columbia, Boone county, the defendant Ella H. Wheeler, wife of her codefendant A. B. Wheeler, while in the home of plaintiff, "spoke of and concerning the plaintiff, in the presence and hearing of Daisy Cowden and R. M. Wyatt, the following false and slanderous words, to-wit: "This is my bowl and pitcher; you (meaning Mrs. Joe Boyce, the plaintiff) have taken them; you (meaning Mrs. Joe Boyce, the plaintiff) have taken ten dollars' worth of dishes from me (meaning from Ella H. Wheeler, the defendant); you (meaning Mrs. Joe Boyce, the plaintiff) took my decorated set of china; if you (meaning Mrs. Joe Boyce, the plaintiff) don't get it—its here—(meaning in the house of plaintiff)   I will use the law on you', thereby meaning to charge the plaintiff with the crime of larceny or embezzlement, and was so understood by the persons present hearing said words to charge the plaintiff with crime of larceny or embezzlement, in the stealing and taking away of said bowl and pitcher and decorated chinaware and dishes, described as aforesaid, the property of defendants."

The prayer is for $2000 actual and $3000 punitive damages.

The answer is a general denial.

It appears that plaintiff rented from the defendant Ella H. Wheeler a house in Columbia, Missouri, said defendant and her husband retaining and occupying two rooms therein for a time.   After defendants had surrendered these rooms to plaintiff, and while plaintiff continued to occupy this house with her family, defendant Ella H. Wheeler, having procured the issuance of a search warrant, came to plaintiff's home with a constable for the purpose of obtaining some dishes which she claimed as her property.   According to the evidence the constable came upon the front porch of the house and knocked at the door; and when plaintiff appeared he read the search warrant to her, and thereafter he and plaintiff engaged in some conversation concerning the matter.   In the meantime defendant Ella H.

Wheeler, having entered by a rear door, went through plaintiff's house searching for the articles which she claimed as her property; and in a few minutes appeared upon the front porch, having in her hand a bowl and pitcher which she had taken from the house. Thereupon the alleged slanderous language is said to have been uttered by this defendant, in the presence of the constable and plaintiff's daughter; and according to plaintiff's testimony one Daisy Dodson was also present, but she did not testify.

Plaintiff testified that Mrs. Wheeler shook her fist at plaintiff and, with appearance of much anger, said: "Here's my bowl and pitcher you took; you pack up and get my dishes you have taken. If you get those dishes and pack them up and let me take them out this evening I won't use the law on you, but if you don't I will use the law on you." Later in her testimony plaintiff says: "She (Mrs. Wheeler) opened the door and stepped out, she set them down in front of my feet and walked up to me this way (indicating) and says: 'Here is my bowl and pitcher you have taken, and you get my other dishes,' naming them, decorated chinaware, saucers, bowl and pitcher, and white cups and preserve stands, and she says: 'You pack them up so I can take them out with me this evening, and if you don't I am going to use the law until you do get them.' . . . She kept saying you get them and pack them up. I says, Mrs. Wheeler, don't you say I stole, and she says, you taken them."

The constable testified that Mrs. Wheeler said:

"Here's my bowl and pitcher and you have got my decorated chinaware and dishes (naming them) to the value of $10. If you will pack up my dishes, let me have them this evening and take them with me, why we will drop this thing (or words to that effect). If you don't I will use the law on you."

Plaintiff's daughter testified that Mrs. Wheeler said:

"This is my bowl and pitcher you have taken, Mrs. Boyce. You have taken my decorated cups and sau-

cers and other chinaware amounting to $10. If you don't get them I will use the law on you till I do get them."

The witnesses produced at the trial, who were present and heard the language used by Mrs. Wheeler, testified that they understood the words uttered by her to impute that plaintiff was guilty of having stolen the bowl and pitcher and the dishes.

Defendant testified that she merely said to the constable, "this is my bowl and pitcher;" and denied that she spoke the words alleged.

It appears that thereafter the bowl and pitcher were returned to plaintiff at Mrs. Wheeler's direction.

Upon the former trial (161 Mo. App. 504), which resulted in a verdict and judgment in favor of plaintiff for $171, there was neither pleading nor proof that the alleged slanderous words were understood by those who heard them to impute to plaintiff the commission of a crime. Upon appeal from that judgment the Kansas City Court of Appeals, in an opinion by ELLISON, J., said:

"The words above set out do not necessarily charge larceny, or other criminal offense. To charge one with having another's property is by no means a charge of having it criminally. Nor does a charge of having taken another's property obviously or necessarily charge theft or other violation of the criminal law. The additional threat to 'use the law on you,' might well have meant the institution of a civil action, maybe replevin. So, therefore, the petition should charge and the evidence should show that the words were understood by those who heard them to impute to plaintiff the commission of a crime. [Lewis v. Humphries, 64 Mo. App. 466, 471; Unterberger v. Scharff, 51 Mo. App. 102; Walker v. Hoeffner, 54 Mo. App. 554.]"

After the cause was remanded, plaintiff amended her petition in conformity with the views expressed in that opinion, as appears from the allegations of the amended petition above quoted. And, as said, witnesses who were present and heard the words testified that they

understood them to impute to plaintiff the commission of a criminal offense, i. e., that plaintiff had stolen the articles mentioned.

I. The first insistence of appellants is that the trial court erred in overruling their objection to the introduction of any evidence, based upon the ground that the petition wholly failed to state a cause of action. The argument advanced in support of this contention appears to proceed upon a misconception of the force and effect of the former decision of the Kansas City Court of Appeals in this case. It is true, as said by ELLISON, J., supra, that the words alleged to have been uttered do not necessarily impute a criminal offense, but on their face they are quite readily susceptible of that meaning. To state a cause of action, however, it was necessary not only to aver, by way of innuendo, that the defendant, Mrs. Wheeler, thereby meant to charge plaintiff with the crime of larceny, or other criminal offense, but to allege that the words were understood by those who heard them to impute to plaintiff the commission of such crime. "The slander and damage consist in the apprehension of the hearers." [See Townsend on Slander & Libel (4 Ed.), p. 641; Walker v. Hoeffner, supra, l. c. 560; Lewis v. Humphries, l. c. 469; Israel v. Israel, 109 Mo. App. l. c. 382, 84 S. W. 453; Julian v. Kansas City Star, 209 Mo. 35, 107 S. W. 496; Diener v. Star-Chronical Pub. Co., 230 Mo. 613, l. c. 629, 132 S. W. 1143; Peak v. Traubman, 251 Mo. 390, 158 S. W. 656.] In the amended petition before us, plaintiff has made the necessary allegations as to the sense in which the words were understood by the hearers, thus making the petition conform to the ruling on the former appeal.

Appellants' counsel seem to think that further allegations by way of inducement were necessary. But we regard it as entirely clear that this view is unsound. No special extrinsic facts are required to be here alleged in order to bring out the defamatory meaning of the words. They are susceptible of an injurious meaning, and it was a question for the jury to determine,

under the facts and circumstances in evidence, the sense in which they were used and how they were understood by the hearers. They are alleged to have been spoken in an injurious sense and to have been so understood, and the evidence suffices to warrent a finding supporting these allegations. And after verdict the court will take the words as having been used and understood in the sense in which the jury must have found that they were used and understood in order to return a verdict for plaintiff. [See Jones v. Banner, 172 Mo. App. 132, 157 S. W. 967.]

In Christal v. Craig, 80 Mo. 367, cited and relied upon by appellants, one charge in the petition was that defendant spoke of plaintiff these words: "You have took my pocket-book and money, and you got it there in your bucket." The various charges in the petition were followed by a general innuendo, viz: "He, the defendant, thereby meaning to charge plaintiff with being guilty of the heinous crimes of perjury, larceny and adultery." Referring to the words quoted above the court said:

"We do not think these words actionable *per se* without some explanatory averment showing their application. If they were intended and understood to impute the crime of larceny, they would be actionable *per se*. But the question of pleading is, do they, on their face, without more, convey such imputation? To say you have my pocket-book or money in your bucket, does not necessarily or legally imply its theft. The party might reasonably have taken it under claim of right, or through mistake or in sport."

The petition in that case, as to the charge mentioned, was deficient in like manner as was plaintiff's herein on the former appeal. It is distinctly held, however, that if the words were intended and understood to impute the crime of larceny, then they were actionable *per se*, i. e., injurious *per se* and actionable without proof of special damage. It is quite clear that the case is not authority for the position which appellants here take.

Neither do we perceive anything in decision in Vanloon v. Vanloon, 159 Mo. App. 255, 140 S. W. 631, cited by appellants, which lends support to their contention. The case of Moore v. Johnson, 144 S. W. 765 (Ky.) is also cited, but it is unnecessary to go beyond our own adjudicated cases, and express approval or disapproval of those from other jurisdictions, in order to determine the question under consideration.

II.  It is also insisted that the court erred in refusing to direct a verdict for defendants. In so far as the argument advanced in this connection is predicated upon the idea that the petition states no cause of action, it is disposed of by what has been said above. It is contended, however, that the words alleged to have been uttered are not actionable without proof of special damage. This contention seems to be based upon the assumption that because the words do not unequivocally and in direct terms charge a criminal offense no recovery can be had without allegation and proof of special damages entailed by the speaking thereof. But this view is unsound. [See Christal v. Craig, supra.]

With the exception of defamatory words touching one's fitness for integrity in office, or which prejudice one in his trade, profession or business, oral words are actionable without proof of special damage, under our law, only when they impute the commission of an indictable offense punishable by corporal punishment (Birch v. Benton, 26 Mo. 153) or impute a loathsome, contagious disease such as would tend to exclude one from society (Lowe v. DeHoog decided by this court April 4, 1917, not as yet reported) or (by statute) which impute to a woman unchastity. [Vanloon v. Vanloon, supra.] As to this classification of the different species of oral defamation see 25 Cyc., pp. 264, 265, bearing in mind that in this State words which impute a crime are actionable without proof of special damage, irrespective of whether or not the offense charged may be legally said to involve "moral turpitude." [Birch v. Benton, supra.] But where words

197 M. A.—20

charge a crime, a contagious disease or unchastity, within the above rule, to be actionable without proof of special damage it is not necessary that any particular word or phraseology be used to denote the crime, the contagious disease or unchastity. [Hauser v. Steigers, 137 Mo. App. 560, 119 S. W. 52; Lowe v. DeHoog, supra; Vanloon v. Vanloon, supra.] Any words fairly susceptible of constituting the alleged charge, and which the hearers may naturally understand as intended to convey such meaning, are sufficient. If the jury find from the facts in evidence that by such words the defendant meant to impute to the plaintiff a crime, as alleged, and that they were so heard and understood, damage is presumed to flow from their injurious character. And the demurrer to the evidence admits every fact which the jury might reasonably infer from all the facts and circumstances shown in evidence. [See Peak v. Traubman, supra, l. c. 413.]

In Hauser v. Steigers, supra, the words alleged and shown to have been spoken were: "(1) I know all about that waiter; there was five dollars in the pocket-book. (2) That waiter has got the pocket-book; there was five dollars in the pocket-book." As here the words did not necessarily charge a crime; matters of inducement and an innuendo were pleaded, but there was neither allegation nor proof of special damage suffered. The trial court instructed the jury that if they found that defendant uttered the words meaning to charge the plaintiff with larceny, and that they were so undestood by those who heard them, then the law presumed that plaintiff was damaged thereby. A verdict of $850 actual damages and $500 punitive damages was unanimously affirmed by this court.

In Rammell v. Otis, 60 Mo. 365, cited by appellants in this connection, the language of the opinion upon which appellants evidently rely was used in connection with the second count of the petition which alleged that the defendant had charged plaintiff with keeping false books. No crime was imputed to the plaintiff; and what was said as to the necessity of alleging and proving special damages under the circumstances has, in any event, no

application to the case before us. Likewise what was said in Curry v. Collins, 37 Mo. 324, as to the charge that the defendant called the plaintiff a "bushwhacker," is wholly without application to the pleadings and proof in the instant case.

We regard it as altogether clear that the trial court committed no error in refusing to direct a verdict for defendants.

III. Eleven instructions were given at plaintiff's request. Plaintiff's instructions numbered one and two, in the abstract before us, are as follows:

1. "The court instructs the jury that there is no evidence in this case showing or tending to show that Mrs. Joe Boyce, the plaintiff, ever stole or embezzled the goods mentioned in plaintiff's instructions number one and two (*sic*), or any part of said goods, and under the evidence in this case it is your duty to regard the said Mrs. Joe Boyce not guilty of any such act."

2. "The court instructs the jury that in this case there is no justification pleaded and the defendant Ella H. Wheeler does not allege that the words she is charged with speaking of and concerning the plaintiff were true, and if you find and believe the defendant Ella H. Wheeler spoke of and concerning plaintiff the words set forth in plaintiff's instructions numbers one and two (*sic*), and thereby charged and intended to charge that Mrs. Joe Boyce did commit the crime of larceny or embezzlement and the words were so understood by the person or persons who heard them, then the verdict must be for the plaintiff." Plaintiff's instructions, as they appear in this record, bear numbers evidently not intended by plaintiff's counsel when they were prepared; for the foregoing instructions, as well as others given for plaintiff, refer to "plaintiff's instructions numbers one and two," evidently meaning plaintiff's instructions here numbered three and four. Whether the instructions are here out of their original order or were improperly numbered below, we know not.

As to plaintiff's instructions one and two, supra, complaint is made of the action of the court in telling the jury that there was no evidence that plaintiff had stolen or embezzled the property in question and that she was to be regarded as not guilty of such act, and in referring to the fact that defendants did not plead the truth of the words by way of justification.

There was no issue before the jury as to plaintiff's guilt or innocence. Indeed the charge alleged to have been imputed to her was presumably false, and defendants did not seek to combat this presumption. By the first instruction, and the first part of the second, the court evidently sought to guard against a false issue which, under the circumstances, might have arisen in the minds of the triers of the fact. There was testimony pro and con respecting the ownership of the bowl and pitcher and considerable testimony as to the acts of the respective parties, plaintiff and Mrs. Wheeler, in connection with the same, whereby the jury might have been led to believe that the truth of the charge alleged to have been imputed to plaintiff was an issue to be determined by them. "It is not only the office of instructions to inform the jury as to the law of the issues raised, but where the evidence is of a character as might easily lead to the raising of a false issue, the court ought to guard against such an issue by appropriate instructions." [See Estes v. Desnoyers Shoe Co., 155 Mo. l. c. 588, 56 S. W. 316.] The first instruction, however, treats the matter as though it were an issue, and tells the jury that because of the lack of evidence on the subject plaintiff is to be reguarded as not guilty of the offense alleged to have been imputed to her. Whether or not it was prejudical error to give the instruction in this form we need not decide, since we are of the opinion that prejudicial error otherwise appears.

IV. Complaint is also made of instructions on malice, upon the theory that malice in law could not be implied from the speaking of the words alleged; and that it was necessary that the jury find actual malice. But

this view is quite untenable. Where false words are defamatory and actionable, or may properly be found to be so, and no privilege whatsoever attends the speaker, malice is implied from the utterance thereof, i. e. legal malice—the intentional doing of a wrongful act without just cause or excuse. It was not necessary that actual spite or ill will be found. The instructions appear to have dealt with the matter of malice at unnecessary length, but we cannot say that reversible error thus intervened.

V. However, one of the instructions complained of, plaintiff's instruction number eight, appears to be erroneous, in that it purports to tell the jury what will constitute all that plaintiff "is bound to prove" to en-entitle her to recover, but omits therefrom matters essential to a verdict in her favor. This instruction is as follows:

"The court instructs the jury that it is a criminal offense under the laws of the State of Missouri to steal, take or carry away the property of another or to embezzle the property of another, and in this case if you believe that the defendant Ella H. Wheeler uttered the words set forth in the plaintiff's first and second instructions, intending thereby to charge that plaintiff had stolen or embezzled property belonging to Ella H. Wheeler, then the law presumes that the defendant Ella H. Wheeler intended maliciously to injure the person against whom they were spoken unless the contrary appears from the circumstances, occasion or manner of speaking the words but all the plaintiff is bound to prove in this case to entitle her to recover is the speaking by the defendant Ella H. Wheeler of enough of the words set forth in plaintiff's first and second instructions to amount to the charge that the plaintiff stole or embezzled property belonging to the defendant Ella H. Wheeler and to express malice or ill-will, need not be proved."

The "first and second instructions" referred to in the instruction last above quoted do not—as they here

appear—contain the alleged words. As said above, counsel evidently meant to refer to plaintiff's third and fourth instructions. But this we pass. It will be seen that while the early part of this eighth instruction tells the jury that if they believe that the words were spoken "intending thereby to charge that plaintiff had stolen or embezzled property belonging to Ella H. Wheeler" then the law presumes malice, the latter part of the instruction declares without qualification that all that plaintiff need prove is the speaking of enough of the words "to amount to the charge that the plaintiff stole or embezzled property belonging to the defendant Ella H. Wheeler." Not only does this part of the instruction purport to state all that plaintiff need prove, while omitting to require a finding that defendant meant to convey the imputation that plaintiff was guilty of a criminal offense, but nowhere does the instruction require a finding that the hearers so understood the words. Two of plaintiff's instructions—here numbered three and four—each purporting to cover the entire case and directing a verdict, require the jury to find that the words were uttered in an actionable sense and were so understood by the hearers; and these instructions appear to be at least free from prejudicial error. But it was reversible error to give plaintiff's instruction number eight, supra, purporting to cover the whole case, as shown above, and omitting elements essential to sustain the cause of action. [Traylor v. White, 185 Mo. App. 325, 170 S. W. 412; Walker v. White, 192 Mo. App. 13, 178 S. W. 254.] And the error is of such character that it cannot be cured by other instructions given. In such cases it is held that the instructions are thus rendered conflicting and inconsistent; and since it is impossible to tell which the jury followed, the faulty instruction is not cured by another or others which supply the omitted matter or matters. [Walker v. White, supra, l. c. 18, 19, and authorities there cited.]

VI. It is argued that the verdict is so excessive as to bespeak passion and prejudice on the part of the

Boyce v. Wheeler.

jury, calling for a reversal of 'the judgment on this ground alone. The verdict is indeed extremely large, under the circumstances of the case. This is true as to the recovery of both actual and punitive damages. There is no evidence warranting a heavy verdict as for actual damages. And as to punitive damages, the fact that Mrs. Wheeler spoke the words under excitement and in. the heat of passion, according to plaintiff's evidence, tended to mitigate rather than aggravate the recovery. [See Israel v. Israel, supra, l. c. 379.] And in this connection it may be noted that no testimony was adduced as to the financial responsibility of the defendants or either of them. All that appears as to this is the inference to be drawn from the testimony of Mrs. Wheeler to the effect that when she learned that it would be necessary to bring a replevin suit to establish her right to the property she said that she ''was not able to enter into law,'' and directed that the bowl and pitcher be returned to plaintiff. The assessment of $1000 exemplary damages against defendants in poor or very moderate circumstances is a severe punishment indeed, and one which appears to be here unwarranted.

Upon the whole we are inclined to the view that it would be our duty to interfere—in some manner—if necessary, on account of the size of the verdict alone. But in view of the fact that the error noted above works a reversal, it is unnecessary to pass formal judgment upon this matter.

The judgment is accordingly reversed and the cause remanded. *Becker, J.,* concurs. *Reynolds, P. J.,* concurs in reversing the judgment, but not in remanding the cause, expressing his views in a separate opinion.

## DISSENTING OPINION.

REYNOLDS, P. J—While I concur in reversing the judgment entered in the circuit court, I do not concur in remanding the cause.

I accept the statement of facts made by my learned associate as substantially correct.

But I do not think that the petition in this case, as amended, contains proper innuendoes, and think it is lacking in proper inducement. It is true that Judge ELLISON, speaking for the Kansas City Court of Appeals, in reversing a former judgment and remanding the cause (see Boyce v. Wheeler et al., 161 Mo. App. 504, l. c. 507; 144 S. W. 119) said:

"So, therefore, the petition should charge and the evidence should show that the words were understood by those who heard them to impute to plaintiff the commission of a crime."

What that learned judge undoubtedly meant was that the words used, not being actionable *per se,* could only be made so by proper inducement and innuendo. I do not think that this was done in the amended petition.

In Curry v. Collins, 37 Mo. 324, an action for slander, it was held that the words not being in themselves actionable, there should have been some averments, by way of inducement, for the purpose of showing that the word "bushwhacker" was used in a sense that would impute to the plaintiff some indictable offense involving moral turpitude, or some infamous corporal punishment. It is further said in that case (l. c. 329):

"Where the words are not in themselves actionable, they can only be made so by such averments, in relation to extrinsic matters, as will show that the defendant imputed to the plaintiff a criminal offense. In such cases the extrinsic facts, in reference to which the words spoken become actionable, are usually first averred, and then the colloquium that the words spoken related to those facts, and were spoken concerning the plaintiff; and lastly, by proper innuendoes, the application of the words is made to the previous averments; *and it is not enough merely to add a statement, that the defendant thereby intended to impute a crime* [italics mine], as if one should say 'he never signed the note,' and it should be averred that he thereby meant to impute the offense of forgery. [Andrews v. Woodman, 15 Wend. 232; Dyer v. Morris, 4 Mo. 214.] . . . In the con-

cluding part of the petition it is alleged that the defendant, by the use of that word, intended to charge him with being a bushwhacker—an enemy to his government and country, a robber, and a murderer." The petition was held bad.

That is very much the situation here with reference to this petition. After setting out the words and without any colloquium or inducement, the petition concludes: "Thereby meaning to charge the plaintiff with the crime of larceny or embezzlement, and was so understood by the persons present hearing said words to charge the plaintiff with the crime of larceny or embezzlement, in the stealing and taking away of said bowl and pitcher and decorated chinaware and dishes, described as aforesaid, the property of defendants." [See, also, Christal v. Craig, 80 Mo. 367.]

In Moore v. Johnson, 147 Ky. 584, 144 S. W. 765, the petition, after setting out the words, and averring that the defendant had used them, continues: "thereby meaning, and said third person to whom said words were spoken so understood defendant to mean, that the plaintiff had criminally converted said cattle to his own use without defendant's consent, and had committed the crime of stealing nineteen head of sheep."

Mr. Justice CARROLL, speaking for the Kentucky Court of Appeals in that case, says (l. c. 587):

"The first question that naturally arises is, can the plaintiff in an action for slander, when the words are not in themselves actionable, and there is no claim for special damages, and no averment of extrinsic matter by way of inducement, convert by innuendo non-actionable words into actionable words by merely averring that the defendant by the use of the language charged imputed to plaintiff the commission of a crime, and the persons in whose presence and hearing the words were spoken so understood. Many words in their ordinary usage have an innocent as well as a guilty meaning, and it not infrequently happens that this class of words when spoken are intended to have an innocent meaning and are so understood, and again, are intended to have a guilty

meaning and are so understood. But, when special damages are not sought and no inducement is pleaded, words that in their usual and ordinary meaning as commonly understood do not clearly and unequivocally import the commission of a punishable crime, involving moral turpitude, cannot by an innuendo be made the basis of an action for slander by the averment that the person speaking them intended to charge the commission of a crime and the person who heard them spoken so understood. It is only words that in their ordinary and usual meaning and as commonly understood clearly impute the commission of a crime involving moral turpitude that can be made actionable by averments that the speaker intended to use them in their criminal sense and they were so understood by those who heard them. . . . The law does not encourage slander suits arising from trivial remarks and it is only when a direct, unequivocal criminal charge is made, which, if true, would subject the person spoken of to an indictment for a crime involving moral turpitude or to an infamous punishment that the words will be in themselves actionable. (Williams v. Riddle, 145 Ky. 459), unless they are of such a character as to be made actionable by an innuendo.''

No special damages are alleged in the case at bar.

I have quoted from the Kentucky case because it is the holding of a court of repute and states the principle governing actions of this kind more at length and more elaborately than I find them stated in any case by our own courts. I know of no decisions of our courts that in any way militate against the ruling of the Kentucky Court, and think it in line with authority, as see Townsend on Slander & Libel (4 Ed.), secs. 335 and 336. Hence I think on the authority of that decision and those of our Supreme Court in Curry v. Collins, supra, and Christal v. Craig, supra, and of the text-writer, that the petition in this case fails to state a cause of action against either defendant, and the objection to the testimony being received under it, and the demurrer interposed at the close of the case, should have been sustained.

Nor do I think that this petition states any cause of action against A. B. Wheeler, as husband. The only mention of him is this: "Plaintiff states that on the 25th day of June, 1910, in the City of Columbia, County of Boone, and State of Missouri, the defendant Ella H. Wheeler, *the wife of A. B. Wheeler, co-defendant and at all times herein mentioned,* while in the home of plaintiff, the defendant Ella H. Wheeler, spoke of and concerning the plaintiff in the presence," etc. That is all the mention of A. B. Wheeler, the husband.

Actions over such trifling remarks as here charged are not favored by the courts, and a petition in a case such as this is to be strictly construed. I do not think there is here a sufficient allegation to cast liability on A. B. Wheeler, or that it states a cause of action against him as husband, nor do I think that this want of a proper allegation of liability of the husband, in the face of the objection to the introduction of evidence at the beginning of the trial, and to the introduction of the proof that he was the husband, is aided by verdict.

Hence I think the instructions were erroneous in that they included the husband as liable with his wife, for damages, either compensatory or punitive.

There is also a question in my mind as to whether the husband is liable for punitive damages. It would seem from the decision of the Kansas City Court of Appeals in Leavell v. Leavell, and wife, 114 Mo. App. 24, 89 S. W. 55, and that of the Springfield Court of Appeals in Claxton v. Pool, et al., 182 Mo. App. 13, 167 S. W. 623, that he is not. As this latter case has been certified to the Supreme Court and is there pending, this question will undoubtedly be settled by that court before this case is retried, if that happens.

I concur with my learned associate that instruction number 8, given at the instance of plaintiff, and attempting to tell the jury what would constitute all matters that plaintiff was bound to prove to entitle her to recover, is defective for the reasons stated by my learned associate, and I agree that giving that instruction in the form in which it was given constituted reversible error.

I cannot, however, agree with the view of my learned associate as to the two instructions which he has set out, numbered 1 and 2, also given at the instance of plaintiff. I think giving them constituted reversible error. If evidence had been offered by plaintiff to show her good character, or that she had not stolen the articles, it would not have been admitted, no justification being pleaded by defendant. [Newell on Slander & Libel (3 Ed.), paragraphs 933 and 934, pp. 937-940; Townsend on Slander & Libel (4 Ed. ), par. 387, p. 645.] No such testimony being offered, and no justification pleaded, I think that giving these instructions was reversible error. It is for the court to instruct the jury on the issues as pleaded and as in evidence, and it has no right to go outside of either.

Furthermore, I think the first instruction was highly prejudicial to the defendants. The language used, in effect, told the jury that by the words alleged to have been uttered by Mrs. Wheeler, she did charge that plaintiff had stolen or embezzled the goods. That was the very issue the jury itself was to determine; that is, the innuendo, such as it was, attempting to place upon the words a certain meaning, it was for the jury to determine whether the words used were meant to charge, and were understood by those who heard them, to charge plaintiff with theft or embezzlement. This first instruction virtually assumed that the defendant had, by the words uttered, charged plaintiff with these crimes.

The verdict in this case awards $2000 for actual damages and $1000 for punitive damages against both defendants. To my mind its size indicated beyond all question that it was the result of prejudice and passion, and on that ground should be specifically condemned and vacated. Reading this record it presents a very trifling case, a quarrel between two apparently very estimable ladies over some household wares of small value. Such a verdict is out of all proportion to the facts in evidence.

This verdict also mulcts the husband, who was not present when the dispute occurred and the language com-

plained of used, in the large sum of $1000 for exemplary —punitive—damages, and the case was put to the jury on the theory that punitive damages might be assessed against both husband and wife. As I have stated, that is, to say the least, an open question.

As, under the judgment of our court, the cause is to be remanded, I think it well to suggest that point, although not now argued by counsel.

My view, on consideration of the pleadings and the facts, is that the judgment of the circuit court should be reversed, without remanding the case.