E. H. Tincher, Respondent, v. The National Life & Accident Insurance Company, Appellant.—146 S. W. (2d) 663.

Kansas City Court of Appeals. December 2, 1940.

*Clark, Boggs, Peterson & Becker, Howard B. Lang, Jr.,* and *William L. Nelson, Jr.,* for appellant.

*Baker & Baker* for respondent.

666

SHAIN, P. J.—This is an action for slander. The facts briefly stated are that a Mrs. Perkins held a sick and accident policy in the defendant company and made application to said company for sick benefits. The defendant company required that an application for benefits should be accompanied by a certificate of a physician.

The plaintiff herein, who is shown to be a regularly licensed physician, duly signed, as a physician, the application of Mrs. Perkins for said sick benefits. The said application of Mrs. Perkins was made upon a blank form furnished by the defendant company and, after being filled out and certified to by said physician, was duly sent to the defendant company. Thereafter, the defendant company turned down Mrs. Perkins' claim and imparted to her the grounds upon which her claim was rejected.

The issue in this case is predicated upon the language used by defendant's agent and employee informing Mrs. Perkins of the reason assigned by the company.

The plaintiff herein alleges as follows:

". . . that in informing the claimant of the rejection of said claim on or about February 20, 1939, less than one year prior to the filing of this petition, the defendant, through and by its said agents, servants and employees, acting within the scope of his and their employment, and in the furtherance of defendant's business at Columbia, Boone County, Missouri, willfully, wantonly, maliciously and falsely said to and in the presence and hearing of divers persons, of and concerning plaintiff, the following false, defamatory and slanderous words, to-wit: 'I (meaning defendant's agent, servant and

employee) have bad news for you (meaning applicant). I (meaning defendant's said agent, servant and employee) have a letter from the company (referring to the defendant) saying they (referring to the defendant) cannot pay your claim because Dr. Tincher (referring to the plaintiff) is not a licensed doctor.' 'We (referring to the defendant and its agents, servants and employees) have written to Jefferson City and he (referring to the plaintiff) has no license.''

Further pleading as to meaning and consequences, the plaintiff alleges as follows:

''. . . that by said false, defamatory and slanderous words the defendant, through its said agents, servants and employees, acting within the scope of their employment, intended to charge, did charge, and those hearing those statements understood said agents to charge, that this plaintiff was an imposter; that he had no right to practice medicine; that he had violated the criminal statutes of this State, having violated the provisions of Sections 9117 and 9118, R. S. of Missouri for the year 1929; that he was incompetent and unfit to practice medicine; that his statement and certificate as a physician had no value and no probative force; that by said statements so spoken aforesaid plaintiff was injured in his good name and fame as an individual and as a physician; that he was humiliated and mortified thereby; that said statements were designed to and did injure him both individually and as a physician; that said statements were calculated to, and did, deprive plaintiff of public confidence and esteem; were calculated to and did expose him to public hatred, contempt and ridicule, and to deprive him of the standing he had and is entitled to have in the community in which he lived; that by reason of said false, slanderous and malicious publication he has been damaged in the sum of one thousand four hundred fifty dollars ($1,450.00), and that a further sum of one thousand four hundred fifty ($1,450.00) dollars should be assessed against the defendant by way of punishment for the malicious defamation of the plaintiff and to deter others from the perpetration of like offenses.''

Plaintiff asks for actual and punitive damages. The defendant answers by general denial. Trial was by jury resulting in verdict for plaintiff for $425 actual and $425 punitive damages. Judgment was in accordance with the verdict and defendant duly appealed.

The appealing defendant presents claims of error as follows:

## I.

''The Court erred in refusing appellant's instruction II, being a demurrer at the close of all the evidence, and erred in submitting the case to the jury under respondent's instructions I, V and VI, because there was no evidence of actual damages and the words proved to have been spoken are not actionable *per se* for damages to respondent's personal reputation.

## II.

"The Court erred in refusing to permit appellant to prove that respondent's profession prohibits advertising by its members and that respondent advertised in newspapers, and in refusing to permit appellant to prove that respondent was not eligible for admission to the American Medical Association.

## III.

"The Court erred in rejecting the deposition of respondent because it contains statements made by the respondent which show that he violated the ethics of his profession and thus materially refuted his proof that he was a doctor of good standing and reputation in the community.

## IV.

"The Court erred in giving respondent's instruction I because the jury were not required to find that the words therein contained and alleged to have been spoken were spoken with the intent to charge, and understood to charge, that the respondent was unlawfully practicing medicine.

## V.

"The Court erred in giving respondent's instruction V because:
" (a) The instruction erroneously advised the jury that the words spoken charged the plaintiff with practicing medicine without a license.
" (b) It erroneously charges the jury that the words spoken are actionable *per se*.

## VI.

"The Court erred in giving the respondent's instruction No. VI because there is no evidence to support a verdict for damages to respondent's personal reputation and good name."

### OPINION.

We will continue to refer to the respondent as plaintiff and to appellant as defendant. The plaintiff having verdict below, we have examined the evidence and conclude there is competent evidence to justify us to proceed to review upon the theory that the defendant used the language complained of and that it spoke same of and concerning the plaintiff in the presence of another and that said matters so spoken were false. There is no question raised concerning the fact that the agent and employee of defendant was acting in the scope of employment.

The defendant, in urging that a directed verdict should have been given, proceeds upon the theory that as plaintiff's petition having alleged that the slanderous words spoken injured him both *individually* and as a *physician,* had in the trial abandoned the charge as to his profession and submitted his case on ground only as to his personal reputation and good name. Defendant urges that plaintiff's instructions were not presented upon the theory that the words used touched plaintiff in his professional capacity.

Defendant further makes claim that the record discloses that no case was made for slander of plaintiff's personal reputation and, therefore, its demurrer should have been sustained.

Defendant's conclusions, as based upon matters referred to above, are presented in its brief as follows:

"While it might be urged that the words are actionable *per se* for slander of respondent in his profession as a physician, it is unquestionable that they are not actionable *per se* for slander of respondent's personal reputation."

Defendant cites in support Boyce v. Wheeler, 197 Mo. App. 295, 195 S. W. 84. The opinion in said case, l. c. 87, correctly states the rule as follows:

"With the exception of defamatory words touching one's fitness for or integrity in office, or which prejudice one in his trade, profession, or business, oral words are actionable without proof of special damage, under our law, *only when they impute the commission of an indictable offense punishable by corporal punishment.*" (Italics ours.)

The plaintiff alleges and the evidence discloses that the plaintiff herein, at the time when the alleged words were spoken, was a duly licensed physician, holding himself out as such and practicing his said profession in Boone County, Missouri.

The law of Missouri touching the practice of medicine, R. S. Mo. 1929, is as follows:

"Sec. 9118. Practice of medicine and treatment of sick, etc., without license prohibited—penalty—Any person practicing medicine or surgery in this state, and any person attempting to treat the sick or others afflicted with bodily or mental infirmities, and any person representing or advertising himself by any means or through any medium whatsoever, or in any manner whatsoever, so as to indicate that he is authorized to or does practice medicine or surgery in this state, or that he is authorized to or does treat the sick or others afflicted with bodily or mental infirmities, without a license from the state board of health, as provided in this article, or after the revocation of such license by the state board of health, as provided in this article, shall be deemed guilty of a misdemeanor, and punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less

than thirty days nor more than one year, or by both such fine and imprisonment for each and every offense; and treating each patient shall be regarded as a separate offense."

The signing of the certificate in question by one not a physician, under the facts and circumstances shown, constitutes an indictable offense punishable by corporal punishment.

The spoken words complained of evidently were spoken of and concerning the plaintiff's act of signing and certifying to the certificate in the capacity of a physician. The words used, if true, certainly charged the plaintiff, as a person, with having committed an indictable offense and, if not true, said words as to the plaintiff as an individual are slanderous *per se* and are actionable without proof of special damages. The evidence clearly is to the effect that the words spoken were not true.

Under the provisions of the law, it is the person who commits the offense. The language, practicing or holding out as a physician without license, but defines the offense committed by the person.

. In an early opinion by the Supreme Court of Missouri, Birch v. Benton, 26 Mo. 153, that court, l. c. 160, stated the rule as follows:

"As the result of our examination we think the rule that is safest and most certain in its application is, that words are in themselves actionable which impute an indictable offence for which corporal punishment may be inflicted as the immediate punishment, and not as the consequence of a failure to satisfy a pecuniary penalty."

The above salutory rule has never been departed from by the courts of this state.

It is disclosed in the case at bar that the defendant required that claimant, in order to receive benefit, must furnish a certificate of a duly *licensed* and *practicing* physician in support of claim. The execution of such a certificate by a person not licensed as a physician constitutes a misdemeanor and subjects the *person* to corporal punishment.

The defendant is consistent throughout in urging that damages to plaintiff's professional reputation were abandoned. In defendant's reply brief, it is urged:

"The fact that he was a practicing doctor would neither aid nor prevent him from recovering in a proper action for damages to his personal reputation. The petition charged that he was damaged in his personal reputation aside from his professional reputation and as shown in point I of our original brief, he abandoned the charge of damage to his professional reputation and went to the jury solely upon the ground of injury to his personal reputation. The fact that the words spoken may be actionable *per se* for damage to his professional reputation, can avail respondent nothing in this cause because he did not go to the jury on the ground of damage to his professional reputation.".

Based upon its contention, that the words spoken were not actionable *per se* as to the person and further upon its contention that plaintiff abandoned as to professional reputation, the defendant urges its claim as to errors in plaintiff's Instructions I, V and VI.

We conclude that defendant is right in the contention as to abandonment for injury to plaintiff's professional reputation. We find in the record no evidence bearing directly on such issue. Defendant urges that the instructions complained of submit the question only as to personal reputation, and defendant under its theory bases its objection to said instructions on that point alone. In other words, defendant's objection to these instructions is in connection with its contention of error in refusing a directed verdict in its behalf.

Having concluded that the words used charge an offense committed by the person, and further concluding that said words are shown to be false and, therefore, slanderous *per se*, we rule against defendant's Specifications I, IV, V and VI, *supra*.

Having concluded the words to be, as to plaintiff personally, slanderous *per se*, wherein proof of actual damages are not required, it follows that we conclude that claim of error II (as to proof of advertisements) and claim of error IV (directed at plaintiff's instruction I) and claim of error III (as to deposition) are not well taken.

Judgment affirmed. *Bland, J.,* concurs; *Cave, J.,* not sitting.