# SADIE TRAYLOR, Respondent, v. MARY E. WHITE, Appellant.

### St. Louis Court of Appeals, November 3, 1914.

1. **LIBEL AND SLANDER: Sufficiency of Evidence.** In an action for slander, evidence *held* to support a finding that defendant uttered the slanderous words.

2. ————: **Slanderous Words Per Se.** The words "whoring bitch," when applied to a female, impute fornication and unchastity, and are slanderous *per se*.

3. ————: ————: **Presumptive Malice: Burden of Proof.** Where a woman is falsely called a "whoring bitch," in the presence and hearing of others, malice is presumed, making it unnecessary to prove express malice and casting the burden upon the utterer to dispel or mitigate it.

4. ————: **Elements of Offense: Publication.** In order to constitute a slander, the slanderous words must be spoken to, or in the presence of, some person other than the plaintiff and defendant.

5. ————: **Instructions: Cure by Other Instructions.** In an action for slander, the error in an instruction given for plaintiff, covering the whole case, which authorized a verdict for him on a mere finding that defendant uttered the slanderous words of and concerning plaintiff, and that they were false, without requiring a finding that they were spoken in the presence of, and were heard and understood by, others, was not cured by an instruction given for defendant, which required a finding that the slanderous charge was understood by others, for, where plaintiff's instruction purports to cover the whole case, its omissions cannot be supplied, nor its errors cured, by instructions given for defendant.

6. **INSTRUCTIONS: Omission: Cure by Other Instructions.** Although all the instructions given are to be read and considered together, and one instruction may so amplify another as to cure an error arising from its omissions, yet where an instruction given for the plaintiff covers the whole case and authorizes a verdict for him on an erroneous theory of the law, or omits to require a finding of the facts essential to sustain the cause of action, the error cannot be cured, nor the omission supplied, by an instruction given for the defendant.

Appeal from Mississippi Circuit Court.—*Hon. Charles B. Faris,* Judge.

REVERSED AND REMANDED.

*Gresham & Moore, J. L. Fort* and *Smith & Pearcy,* for appellant.

(1)    There is abundant authority that calling a woman a bitch is not actionable *per se,* nor is calling her a God damned old bitch; then it must surely follow that calling her a whoring bitch and saying to her that she had better be at home cleaning up her filthy house is not slanderous *per se.*    Kerone v. Block, 144 Mo. App. 575; Curry v. Cabliss et al., 37 Mo. 205; Callahan v. Ingram, 122 Mo. 366; Christal v. Craig, 80 Mo. 367; Miller v. Dorsey, 149 Mo. App. 24; Cook v. Pulitzer Pub. Co., 241 Mo. 326.    (2)    The basis of an action for slander is injury to character or reputation in the opinion of others, and proof of its publication is essential to the maintenance of an action for damages. 25 Cyc. 365.    If slanderous words are used by the defendant in the presence of the plaintiff alone, no one else hearing them, an action of slander could not be maintained.    Wilcox v. Moon, 64 Vt. 450, 15 L. R. A. 760; Sesler v. Montgomery, 78 Cal. 486, 3 L. R. A. 653; Israel v. Israel, 109 Mo. App. 366; Nelson v. Wallace, 48 Mo. App. 193.    (3)    Plaintiff's instruction number 1 attempted to cover the whole ground, yet it did not require the jury to find that the little children in whose presence the alleged slanderous matter was uttered understood the meaning of the words used any more than if the alleged slander had been uttered in a foreign language.    Of course these children may have heard the words, but there is no evidence that they understood the meaning of them, any more than if defendant had accused respondent of suffering from neurasthenia or hypochondria, and, of course the other par-

ties who were there say that no such language was used as the petition charges against the defendant, and therefore it was not published as to them. ·The burden was upon the plaintiff to prove that there was a publication of the alleged slander, but she failed to carry that burden successfully. 25 Cyc. 489; Shepard v. Lamphier, 146 N. Y. S. 745.

*George H. Traylor* and *J. M. Haw* for respondent.

(1) To call a woman a ''whore'' is actionable *per se*. Hudson v. Garner, 22 Mo. 423; Stieber v. Wensel, 19 Mo. 513; Hillebrand v. Dreinhoefer, 13 Mo. App. 586; Israel v. Israel, 109 Mo. App. 366; Elfrank v. Seiler et al., 54 Mo. 134; Cameron v. Cameron, 162 Mo. App. 110. (2) The words set out in the petition being actionable *per se*, plaintiff's instruction number 1 correctly stated the law. It did not purport to cover the entire case, but plaintiff's side of it. The defendant's instructions covered the points urged by the defense and that was sufficient. ''All the instructions given in a case must be construed together, and if they, taken as a whole, present the case fairly to the jury, this is all that is required.'' Turner v. Snyder, 139 Mo. App. 656; Lang v. Railroad, 208 Mo. 478.

NORTONI, J.—This is a suit for damages on account of an alleged slander. Plaintiff recovered and defendant prosecutes the appeal.

It appears that plaintiff and defendant resided near each other in Mississippi county and the families of both were engaged in farming. Plaintiff and her husband resided on and cultivated a portion of defendant's farm and so, too, did John Walker and his wife. Several head of Walker's cattle trespassed upon defendant's wheat field and defendant put them in a lot. About this time, Mrs. Susie Walker came up to look after the cattle and solicit their release. While Mrs.

Walker was at defendant's lot on this mission, plaintiff, Mrs. Sadie Traylor, approached with her two children and entered into the conversation by advising Mrs. Walker to enter the lot and turn the cattle out. Thereupon, it is said, defendant, Mrs. Mary E. White, came out of the house in a threatening manner and used offensive language to both plaintiff and Mrs. Walker. The evidence tends to prove Mrs. White had a pistol and made dire threats toward both plaintiff and Mrs. Walker. Among other things, the petition avers that defendant, Mrs. White, spoke of and concerning plaintiff and Susie Walker the following false, malicious and defamatory words, to-wit: "You (meaning plaintiff and the said Susie Walker) whoring bitches, you had better be at home cleaning up your filthy houses." "You are just alike, both of you whoring bitches."

The evidence for plaintiff tends to prove that these words were spoken and uttered by defendant of and concerning plaintiff and Mrs. Walker, in the presence and hearing of several persons—that is to say, in the presence and hearing of a Mr. Jones, defendant's father, and Sarah Walker, a young girl about thirteen years of age, and defendant's hired hand, Chandler, besides plaintiff's two children, one of them a little girl, Carmen, aged about seven years, and a boy aged about nine or ten years. Defendant and another witness for her, who says he was present at the time, both stoutly deny that any such words were spoken by defendant of and concerning plaintiff or anyone else. It is admitted, however, that there was a controversy between the parties and some sharp words ensued, but the speaking of the defamatory and slanderous words is denied throughout. The evidence for plaintiff is abundant, however, to the effect that defendant spoke of and concerning her and Mrs. Walker the precise words charged in the petition. The jury found the issue for plaintiff as though defendant uttered the

slander, and awarded her a recovery of both actual and punitive damages. The judgment is for $2500 actual and $1000 punitive damages.

There are numerous errors assigned, but some of them find no support whatever in the record, while others are devoid of merit and will, therefore, not be noticed.

The words spoken of and concerning plaintiff— that is, that she was a "whoring bitch"—are slanderous *per se* and carry with them an imputation of fornication and unchastity. [Cameron v. Cameron, 162 Mo. App. 110, 144 S. W. 171.] The speaking of such words of and concerning a woman in the presence and hearing of others, when found to be untrue, implies malice on the part of the utterer, so that it is not necessary to prove express malice with respect to the speaking of the words charged, for such malice is presumed, and the burden lies with defendant to dispel or mitigate it. [Miller v. Dorsey, 149 Mo. App. 24, 129 S. W. 66.]

The court submitted the issue to the jury through giving plaintiff's principal instruction, No. 1, as follows:

"The court instructs the jury that if you believe from the evidence that the defendant, Mary E. White, on or about the 22nd day of December, 1909, and within two years before the bringing of this action, spoke the words imputed to her, to-wit: 'You are both whoring bitches,' meaning this plaintiff and another, and if you further believe from the evidence that the words spoken were false, then you should return your verdict for the plaintiff.

"You are further instructed that it is not necessary for the plaintiff to prove that said words were malicious as, under the law, the mere use of said words is evidence of malice, if you believe and find from the evidence that said words were used of and concerning the plaintiff by the defendant."

This instruction is erroneous, in that it authorized a verdict for plaintiff on a mere finding that defendant uttered the words of and concerning plaintiff without regard to the fact as to whether they were spoken in the presence of and heard and understood by others. It is certain there can be no slander without publication of the words spoken. It must be shown that the slanderous matter was communicated to some third person, who understood it, since, otherwise, there is no publication. There must be a communication of the slanderous words—that is, a speaking of them to or in the presence of some person other than the plaintiff and the defendant—in order to constitute a slander (25 Cyc. 365, 366, 367); for, indeed, the slander and damages which ensue therefrom consist in the publication—that is, the speaking to or in the presence of others the defamatory words and the apprehension of those who hear it. [Caruth v. Richeson, 96 Mo. 186, 9 S. W. 633; Cameron v. Cameron, 162 Mo. App. 110, 114, 144 S. W. 171.]

The instruction above copied, which is the principal one given and authorizes a verdict for plaintiff as if it covered the whole case, required no finding whatever on the part of the jury as to whether the words spoken were heard and understood in their usual sense by those present. In this the instruction is deficient, and, indeed, none other given on the part of plaintiff requires a finding with respect of this matter, but all authorize a verdict as though it were enough for defendant to speak the defamatory words of and concerning plaintiff, whether heard and understood by others or not. It is true several witnesses who were present say defendant spoke the words as charged and that they heard them, but others, who were likewise present, insist to the contrary, as does defendant herself. It is entirely clear that plaintiff's instruction above copied is erroneous, in that it amounts to mis-

direction of the jury, for it authorizes a finding for plaintiff on facts insufficient to warrant such in law.

But it is argued this error was cured by defendant's instruction No. 5, given at her instance. Defendant's instruction No. 5 does not in terms require the jury to find that the words spoken were uttered in the presence of and heard by others, but rather treats with the matter of intention on the part of the utterer. Indeed, it requires no more than that the jury find that "defendant meant to accuse Sadie Traylor with whoredom and that such language was so understood by the person other than Susie Walker and Sadie Traylor, who heard the same." However this may be, the error in the instructions given for plaintiff covering the whole case is not cured by that referred to on the part of defendant, for the reason plaintiff's instruction amounts to a misdirection of the jury and authorizes a verdict on facts insufficient to justify it. as a conclusion of law. Though it be true that the instructions given in the case must be read and considered together and one instruction will frequently be regarded as amplifying a partial view so as to cure another, the rule is, that where plaintiff's instruction covers the whole case and authorizes a verdict for plaintiff on an erroneous theory of the law, one on the part of defendant touching the same matter will not supply a deficiency in plaintiff's instruction which omits to require the finding of facts essential to sustain the cause of action. [See Wilks v. St. Louis & S. F. R. Co., 159 Mo. App. 711, 727, 141 S. W. 910; Wojtylak v. Kansas & Texas Coal Co., 188 Mo. 260, 87 S. W. 506; Ghio v. Schaper Bros. Merc. Co., 180 Mo. App. 686, 163 S. W. 551.] Here, plaintiff's instruction authorized a verdict for her on the mere finding that the words were spoken and were untrue in point of fact, without regard to the element of publication, which is essential in every slander—that is, that they were heard and understood by others.

Because of this, the judgment should be reversed and the cause remanded. ·It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.