SUSIE WALKER, Respondent, v. MARY E. WHITE
et al., Appellants.

St. Louis Court of Appeals, July 2, 1915.

1. LIBEL AND SLANDER: Elements of Offense: Publication.
In order to constitute a slander, the slanderous words must be
spoken to or in the presence of, and understood by, some person
other than plaintiff and defendant.

2. ————: Instructions: Cure by Other Instructions. In an ac-
tion for slander, the error in an instruction given for plaintiff,
covering the whole case, which authorized a verdict for him
on a mere finding that defendant uttered the slanderous words •
of and concerning plaintiff and that they were false, without
requiring a finding that they were spoken in the presence of,
and were heard and understood by, others, was not cured by
instructions given for defendant nor by other instructions given
for plaintiff, for, where plaintiff's instruction purports to cover
the whole case, its omissions cannot be supplied, nor its errors
cured, by other instructions given.

3. INSTRUCTIONS: Omissions: Cure by Other Instructions.
Where an instruction given for the plaintiff covers the whole
case and authorizes a verdict on the facts therein hypothesized,
but omits to require facts to be found that are essential to sus-
tain the cause of action, the error cannot be cured, nor the omis-
sion supplied, by instructions given for defendant nor by other
instructions given for plaintiff.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C.
Walker*, Judge.

REVERSED AND REMANDED.

*J. L. Fort, Gresham & Moore* and *Smith & Pearcy*
for appellants.

The third instruction offered by the plaintiff and
given by the court is erroneous, because it authorizes
a verdict for the plaintiff, on the mere finding that de-
fendant uttered the words of and concerning the plain-
tiff, without regard to the fact as to whether they were

published, that is, spoken in the presence of and heard and understood by others. There can be no slander without publication of the words. They must be heard and understood by third parties. There must be a publication of and speaking of the words in the presence of some other person, than the plaintiff and defendant, in order to constitute a slander. 25 Cyc. 365-367; Traylor v. White, 170 S. W. 412, 413. This instruction attempts to cover the whole case and requires no finding on the part of the jury as to whether the words spoken were heard and understood in their usual sense by those present. The rule is well established in this State that where plaintiff's instruction attempts to cover the whole case and authorizes a verdict for plaintiff on an erroneous theory of the law, an instruction on the part of the defendant touching the same matter will not cure or supply the deficiency in plaintiff's instruction which omits to require the finding of facts essential to sustain the cause of action. Traylor v. White, 170 S. W. 413-414; Wilkes v. Railroad, 159 Mo. App. 711, 727; Wojtylak v. Kansas & Texas Coal Co., 188 Mo. 260; Ghio v. Schaper Bros., 180 Mo. App. 686; Sheperd v. Transit Co., 189 Mo. 372-373.

*George H. Traylor, Mozley & Woody* and *J. M. Haw* for respondent.

A cause will not be reversed on appeal because the existence of certain facts as a basis for a recovery was not presented directly to the jury by instructions, where appellant's own evidence showed such facts. Davidson v. Transit Co., 211 Mo. 320, 357; Lange v. Railroad, 208 Mo. 458, 477; Stillwell v. Patton, 108 Mo. 352; Edwards v. Schreiber, 168 Mo. App. 197, 199; Barnes v. St. Joseph, 151 Mo. App. 523; Campbell v. Hoosier Stove Co., 146 Mo. App. 681; Delaney v. Bowman, 82 Mo. App. 252, 259; Biegler v. Supreme Council A. L. H., 57 Mo. App. 419; Goodwin v. Railroad,

53 Mo. App. 9. The omission in plaintiff's instruction number 3 was supplied by instructions number 3 and number 7 offered by defendant, in that these two instructions, in effect, not only required the jury to find that others beside the plaintiff heard the words but also that such other persons were of sufficient age and understanding to understand that such words imputed unchastity to plaintiff, and did so understand the same to impute unchastity to her. Such omissions in plaintiff's instructions, may be fully supplied by defendants instructions, and the error thereby cured, even where such error, if not cured, would have been one not only of non-direction but of misdirection because purporting to cover the entire case and direct a verdict. Bliesner v. Distilling Co., 174 Mo. App. 139; Jackson v. Telegraph Co., 174 Mo. App. 70; Johnson v. Traction Co., 176 Mo. App. 174; Craig v. United Railways Co., 175 Mo. App. 616; Farmer v. Railroad, 178 Mo. App. 579. The instructions should be considered as a whole and the test, as to whether any instruction is improper or not, is whether or not it is likely that when the instructions are considered as a whole in the light of all the facts and circumstances in the case, the jury was misled by it. If not the judgment should not be reversed because of it. Patton v. Evans, 254 Mo. 293; Honea v. Railroad, 245 Mo. 621; Fugate v. Millar, 109 Mo. 281; Wilson v. Railroad, 66 Mo. App. 388; Wilson v. Railroad, 160 Mo. App. 649; Pendegrass v. Railroad, 179 Mo. App. 517; Meily v. Railroad, 215 Mo. 567; Crader v. Railroad, 181 Mo. App. 526; R. S. 1909, secs. 1850, 2082.

NORTONI, J.—This is a suit for damages said to have accrued on account of an alleged slander. Plaintiff recovered and defendant prosecutes the appeal.

A controversy arose between plaintiff and defendant, who reside in the same neighborhood, over the

matter of defendant's taking up some cattle owned by plaintiff's husband. It appears that plaintiff, Mrs. Walker, and Mrs. Traylor were about defendant's lot where the cattle were impounded, when defendant approached in a threatening manner. Defendant, Mrs. Mary E. White, forbade plaintiff's taking the cattle from the lot and, it is said, spoke defamatory words concerning both plaintiff and Mrs. Traylor.

The petition charges that defendant spoke of and concerning plaintiff and one Sadie Traylor, another woman, the following false, malicious and defamatory words, to-wit: "You (meaning plaintiff and said Sadie Traylor) whoring bitches, you had better be at home cleaning up your filthy houses." "You are just alike, both of you are whoring bitches." The evidence introduced on the part of plaintiff tends to prove that these words were spoken and uttered by defendant of and concerning her and Mrs. Traylor, in the presence and hearing of both of them and several other persons —that is to say, in the presence and hearing of Mr. Jones, defendant's father, and of Sarah Walker, plaintiff's daughter, a young girl aged about thirteen years, and defendant's farm hand, Ben Chandler, besides Mrs. Traylor's two children, one of them a little girl about seven years of age and a boy about nine or ten years of age. Defendant stoutly denies that she spoke the defamatory words mentioned and several of the witnesses who were present testified to the same effect. According to the evidence of defendant and her witnesses, she said no more than that plaintiff and Mrs. Traylor "are the dirtiest women in this country; you had better be at home cleaning up your dirty houses— dirty, filthy houses, instead of being up here trying to attend to my business, and tend to your own business." The issue was sharply drawn as to the words spoken and what those who were present understood them to be. The witnesses for plaintiff say the language was

such as charged in the petition, while those for defendant assert the contrary.

The principal instruction given on the part of plaintiff touching the matter of the words spoken and their import covers the whole case, in that it treats with plaintiff's theory and authorizes a verdict for her on the finding of the facts therein. The instruction is as follows:

"The court instructs the jury that if you believe from the evidence that the defendant, Mary E. White, on or about the 22nd day of December, 1909, and within two years before the bringing of this action, spoke the words imputed to her, to-wit, you are both 'whoring bitches,' meaning this plaintiff and another, and if you believe that by such words defendant intended to impute or charge that plaintiff had been guilty of adultery, and if you further believe from the evidence that said words were false, then you should return your verdict for the plaintiff. You are further instructed that it is not necessary for plaintiff to prove that said words were malicious, as under the law the mere use of said words is evidence of malice, if you believe and find from the evidence that said words were used of and concerning the plaintiff by the defendant, with the intent set out above."

It is clear this instruction is insufficient, in that it omits entirely the element of publication and authorizes a verdict for plaintiff on the mere finding the words therein mentioned were spoken and they falsely imputed to plaintiff the charge of adultery, without regard to the matter as to whether they were spoken in the hearing and presence of others and also understood by them in the offensive sense implied. It is certain that there can be no slander without publication of the words spoken. It must be found from the facts in evidence that the slanderous matter was communicated to some third person who understood it, for otherwise

192MA2

there is no publication. In other words, there must be a communication of the slanderous words—that is, a speaking of them to or in the presence of some person other than the plaintiff and the defendant, in order to constitute slander, for, indeed, the slander and the damages which ensue therefrom consist in the publication— that is, the speaking to or in the presence of others the defamatory words and the apprehension or understanding of those who hear them. We so declared the law in a prior case involving the same alleged slander growing out of the identical controversy here involved and there condemned a similar instruction as that above given for the reason it omitted to require a finding that the words were spoken in the presence of others and understood by them to impute the charge implied therein. [See Traylor v. White, 185 Mo. App. 325, 170 S. W. 412.]

But it is argued that, though the instruction above set forth is insufficient, it was supplied by the requirements of plaintiff's second instruction concerning the finding of fact touching this. Obviously this is not true, for the second instruction relates to the burden of proof and did not require a finding on this essential element as a prerequisite to the right of recovery. However this may be, an instruction on the part of plaintiff, which covers the whole case and authorizes a verdict against defendant on the facts therein hypothesized, if deficient so as to amount to a positive misdirection of the jury in omitting to require the finding of facts essential to support the cause of action, may not be pieced out and supplied by other instructions given for plaintiff touching the same matter, so as to supply such deficiency, according to the most recent ruling of the Supreme Court *in banc* on the subject. This is true, too, notwithstanding the rule frequently adverted to that instructions are to be read and considered together, for it is said such course— that is, giving a deficient instruction on the whole case

and then another incorporating the omitted matter—
serves to confuse and mislead, rather than enlighten,
the jury. [See Hall v. Coal & Coke Co., 260 Mo. 351,
368, 369, 168 S. W. 927; Ghio v. Schaper Bros. Merc.
Co., 180 Mo. App. 686, 163 S. W. 551.]

This, no doubt, is true because the instruction cov-
ering the whole case and authorizing a verdict without
requiring a finding of all the elements essential to lia-
bility amounts not only to misdirection but seems to
permit a verdict without requiring consideration of any
other instruction in the case. The rule touching the
matter of reading and considering all of the instruc-
tions together in support of the judgment applies more
particularly, as we understand it, where some matter
of defense has been omitted from or ignored, rather,
in the plaintiff's instruction, and is without influence
in those cases where a verdict is authorized on an er-
roneous instruction purporting to cover the whole case,
which omits to require the finding of an essential ele-
ment of the plaintiff's cause of action, as here.

In this view, defendant's instructions are not to
be invoked in aid of that given on behalf of plaintiff
in the instant case, for the omission relates to a ma-
terial element of plaintiff's cause of action, which is
to be found as a prerequisite to her right to recover.
The instruction for plaintiff is, therefore, inconsistent
with that of defendant. [See Traylor v. White, 185
Mo. App. 325, 170 S. W. 412; Wojtylak v. Kansas &
Texas Coal Co., 188 Mo. 260, 281, 282, 283, 87 S. W.
506; Wilks v. St. Louis & S. F. R. Co., 159 Mo. App.
711, 727, 141.S. W. 910.] Here, plaintiff's instruction
authorized a verdict for her on the mere finding that
the words were spoken and were untrue in point of
fact without regard to the element of publication—that
is, as to whether they were spoken in the presence of
others and were heard and understood in the offensive
sense by such persons, which is essential to every slan-
der. The instruction was erroneous, in that it was a

misdirection of the jury and it was misleading, too, for it is utterly inconsistent with those given on the part of defendant.

The argument to the effect that plaintiff's instruction should be regarded as harmless error in the circumstances of the case does not merit discussion in the opinion.

The judgment should be reversed and the cause remanded for the reasons above given. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.