LEONARD NORRIS, APPELLANT, v. RUTH E. BRADY, RESPONDENT.—132 S. W. (2d) 1059.

Kansas City Court of Appeals. October 30, 1939.

*Shultz & Owen* for appellant.

440

*Louis Kranitz* for respondent.

KEMP, J.—This is an action for slander. The petition alleged that:

"'Plaintiff for cause of action states that defendant during the first week in August, 1937, in the county of Buchanan, in the State of Missouri, and at the home of defendant, to-wit: 210 West Indiana Avenue, in the City of St. Joseph, Missouri, in the presence of Dora Tuggle, willfully, wantonly and maliciously spoke of and concerning the plaintiff certain false, defamatory and slanderous words, to-wit: 'I have got to go out to my because that damn Norris (meaning plaintiff) who is on my farm is stealing everything I have. I never saw a worse thief in my life. I have had men on my place but he is the worst thief I have ever had any dealings with.' "

Defendant answered with a general denial.

Upon trial of the case, the jury returned a verdict for plaintiff, assessing his actual damages at $5,000. Defendant, in due time, filed her motion for new trial, which, upon hearing, was sustained by the trial court on the sole ground of error in giving, on behalf of plaintiff, the following instruction numbered 1.

"The court instructs the jury that if you believe and find from the evidence that during the first week in August, 1937, in the County of Buchanan, State of Missouri, at the home of defendant, 210 West Indiana Avenue, in the City of St. Joseph, Missouri, in the presence of Dora Tuggle, the defendant maliciously spoke of and concerning the plaintiff certain false, defamatory and slanderous words to-wit: 'I have got to go out to my farm because that damn Norris (meaning plaintiff) who is on my farm is stealing everything I have. I never saw a worse thief in my life. I have had men on my places but he is the worst thief I have had any dealings with.' then you will find the issues for plaintiff and assess his damages at such as you may believe and find he is entitled to recover."

From the action of the court in sustaining said motion for new trial on the ground assigned, plaintiff prosecutes this appeal.

At the outset, we are required to pass upon respondent's motion to dismiss the appeal, wherein it is contended:

(1) "that the appellant has failed to file a full and complete abstract of the record and bill of exceptions so as to permit this court to make an intelligent review of the action of the trial court;"

(2) that the abstract fails to contain any statement that exceptions were saved to the ruling of the trial court in sustaining said motion for new trial, as required by Rule 15 of this court;

(3) that this is an appeal from an order granting a new trial, and that Rule 8 of this court invoked by appellant, and which provides that for the purpose of review of an action of the circuit court in giving or refusing instructions, the whole testimony, given and excluded at the trial need not be embodied at the bill of exceptions, is not applicable here;

(4) that appellant has violated Rule 16 of this court, in that no reference is made to that part of the record where the evidence or testimony as shown in the abstract of the record is to be found.

As to the first point, in view of the limited issues before us for review, there is undoubtedly sufficient matters set forth in the record to permit an intelligent review of the action of the trial court. The nature of the action is set forth and the allegations of the petitions are set out, and likewise the answer. The abstract also contains in full the instruction which was the basis of the court's action in granting a new trial. It also includes the statement that "plaintiff introduced evidence tending to prove all the allegations of his petition in said cause," which is followed by sufficient excerpts of the testimony of the witness to whom it was alleged the slanderous statements were

made, to submit to the jury, under proper instructions, a case of slander.

The second objection raised by respondent was cured by appellant's filing here (pursuant to Rule 15 of this court), within eight days after service upon appellant of said objection, a certified copy of that portion of the bill of exceptions which supplies the alleged insufficiency of the abstract.

Nor can respondent's third ground for dismissal be sustained. While our Rule 8 specifically refers to appeals in which is involved solely the action of the circuit courts in giving or refusing instructions, the undoubted purpose of the rule is to obviate the needless time and expense of bringing up the entire record in cases where the sole question for review involves the alleged error of the court in passing upon an instruction. The bringing up of "the whole of the testimony given or excluded at the trial in the court of first instance" could lend no aid to the court in passing upon the issues raised upon this appeal. Our Rule 8, by reasonable interpretation and by its fair and manifest intendment, is applicable to this appeal.

Likewise, respondent's fourth ground for dismissal must be denied. While it is true the opening paragraph of appellant's "Statement" refers to an allegation of the petition charging the utterance of the slanderous words without a reference to the page where same is to be found in the abstract of the record, we do not feel that this single failure of compliance with the rule, under the particular circumstances in this case, warrants a dismissal of the appeal. The entire abstract of the record consists of less than six full pages, and hence the omission of the page reference to the place in the abstract where this portion of the pleadings may be found, does not place upon this court a burden that would warrant dismissal of the appeal.

Respondent has cited numerous cases in support of her motion to dismiss. We have examined all of these cases, and we find none which we find to be sufficiently analogous to the situation presented here to be controlling in this case.

The motion to dismiss is, therefore, denied.

We turn now to the matters here presented for review. The only questions raised on this appeal are: (1) whether the above quoted instruction is erroneous; and (2) if erroneous, is it cured by instructions given at the instance of the respondent.

It is well-settled that a plaintiff may not recover in an action in slander without making proof of the following essential elements: (1) that defendant spoke the alleged slanderous words of and concerning the plaintiff; and (2) that some person or persons other than the plaintiff *heard* and *understood* said slanderous words.

In Townsend on Slander and Libel (4 Ed.), page 88, paragraph 107, it is said:

''The requisites of an oral publication are: (1) that the language be spoken to or in the presence of at least some one third person. . . . No possible form of words can be the basis of an action for slander if at the time of their utterance the only persons present are the speaker and the person to whom or whose affairs the language concerns. (2) The third person present must *hear* the language spoken. Whether the third person present at the speaking did or did not hear the language spoken is, in every case, a question of fact. And this is not the less the rule because where the speaking is in the presence of a third person, under such circumstances that he might have heard what was spoken, he may, as a rule of evidence, be assumed to have heard it, until it be shown that he did not hear. The burden is on him who alleges a publication to establish that the third person heard the language spoken. (3) The third person must understand the language.''

From this, it follows that an instruction given on behalf of plaintiff, purporting to cover the entire case and directing a verdict for plaintiff, must require the jury to find that the alleged slanderous words were not only spoken of and concerning plaintiff, but also that they were *heard* and *understood* by some person or persons other than the plaintiff. If either of these essential requirements be omitted from such an instruction, it is defective.

In plaintiff's instruction in the case at bar, as hereinabove set out, it will be noted that the jury is required to find (1) that the place therein specified the defendant spoke said slanderous words; and (2) that they were spoken *in the presence* of Dora Tuggle (a person other than plaintiff). The instruction, however, fails to require the jury to find that the words so alleged to have been spoken by defendant were heard and understood by the said Dora Tuggle.

It is contended by the appellant that since the evidence disclosed the words were spoken to Dora Tuggle, it must be presumed that Dora Tuggle heard and understood what was said *to* her, and hence there would be no reason for the instruction to require a finding that Dora Tuggle actually heard and understood said slanderous words. With this contention we cannot agree. The defendant filed a general denial in this case, by which was put in issue not only the speaking of the words, but also the hearing and understanding of the words by the party in whose presence it was alleged they were uttered. In this sort of case, whatever was necessary for plaintiff to prove in order to make out his case was put in issue by a general denial. [Cushing v. Powell, 130 Mo. App. 576, l. c. 578.] It is entirely conceivable that even in the case of a person speaking directly to another, that the speaker's words are not heard and understood by the person addressed, and in the case of the use of slanderous words, unless they are so heard and understood, there is no publication of the slander.

This question has frequently been before our appellate courts, and we have discovered no decision wherein instruction, purporting to cover the whole case, and directing a verdict and omitting therefrom a requirement that the jury find that the alleged slanderous words were heard and understood by persons other than plaintiff, was not held fatally defective. We shall call attention to only a few cases passing specifically upon this point.

In Frazier v. Crob, 183 S. W. 1083, the court had before it an instruction given on behalf of plaintiff, which required the jury to find that the alleged slanderous words were spoken "in the presence and hearing of other persons." but it was pointed out that the instruction did not include a requirement that they were heard and understood by such other persons. In holding this omission fatally defective, the court said:

". . . It was essential to recovery by plaintiff that she prove not only that there was publication made of the offensive words, but that those who heard understood them; that is, understood that defendant meant to charge plaintiff with being guilty of the practice or act charged. The authorities are all one way as to that . . . [Citing cases.]"

In Bloomshaft v. Klauber (Mo. App.), 190 S. W. 616, upon an appeal from a judgment for plaintiff, the trial court was charged with error in giving on behalf of plaintiff an instruction which told the jury that if they found from the evidence on the day named "and *in the presence* of one or more persons, in a conversation then and there had between plaintiff and defendant in reference to some scrap iron purchased or about to be purchased by plaintiff, which defendant claimed was his iron, the defendant falsely and maliciously used and spoke the words of and concerning the plaintiff (quoting them), your verdict must be for the plaintiff." After pointing out that the instruction did not direct the jury to find the words spoken had been heard by any third person, the court held that the requirement that the jury find the slanderous words were spoken "in the presence of one or more persons" was not sufficient and that the omission therefrom of a requirement that the jury find that the said words were *heard and understood* by others constituted an omission of a required finding of publication of the slander, and hence was fatally defective. After citing a number of cases in support of this position, the court said (l. c. 619):

". . . In the cases of Traylor v. White, *supra* (185 Mo. App. 325), and Walker v. White, *supra* (192 Mo. App. 13), an examination of our files show that the petitions in the cases averred that the words spoken and published of and concerning the plaintiff by the defendant were spoken 'in the presence and hearing of divers persons;' and in each of them, as will be seen by reference to the decisions as reported,

there was evidence that the actionable words had been spoken not only in the presence, but in the hearing of divers and sundry persons other than the plaintiffs. *But in each case instructions given on behalf of plaintiffs and purporting to cover the whole case were held to be erroneous in that they authorized a verdict for plaintiffs on a mere finding that the defendants had uttered the words of and concerning plaintiffs, without also requiring the jury to find that the words were spoken in the presence of and heard and understood by others, although the evidence there showed that the words were spoken in the hearing of others and that they understood them.''* (Italics ours.)

Likewise, in Starnes v. St. Joseph Railway, Light, Heat & Power Co., 52 S. W. (2d) 852, an instruction given on behalf of plaintiff directing a verdict was held by our Supreme Court to be erroneous because it failed to include a requirement that the jury find that the alleged slanderous words were heard and understood by persons other than plaintiff, although the instruction did not contain a requirement that the jury find the words were uttered ''in the presence and hearing of plaintiff and divers and other persons.'' In holding the instruction erroneous, the court said:

''. . . An essential element of slander is 'the communication of the defamatory matter to some third person or persons,' and 'the communication, whether it be in words or by signs, gestures or caricature, must be intelligible to such third person.' [Newell on Slander and Libel (4 Ed.), par. 175, pages 218, 219; Cameron v. Cameron, 162 Mo. App. 110, 114, 144 S. W. 171.] As said in 17 R. C. L., par. 56, p. 316, 'it is obvious that, as a rule, the words uttered must not only be started on their way by the speaker, but that some person must have heard and understood them.' [See, also, 36 C. J., p. 1227, par. 180, c, n. 13; Nichols v. Chicago, R. I. & P. Ry. Co. (Mo. App.), 232 S. W. 275, 277; Frazier v. Grob, 194 Mo. App. 405, 415, 183 S. W. 1083; Walker v. White, 192 Mo. App. 13, 17, 18, 178 S. W. 254; Traylor v. White, 185 Mo. App. 325, 330, 170 S. W. 412.] We think it was not enough in this case to require the jury to find that the alleged slanderous words were uttered 'in the presence and hearing of plaintiff and divers other persons.' *The jury should have been required to find that such words were heard and understood by such other person or persons.''* (Italics ours.)

In the recent case of Grider v. Frable, 90 S. W. (2d) 451, this court had before it for review an instruction given on behalf of plaintiff which required that the jury find the alleged slanderous words to have been spoken ''in the presence and hearing of other persons,'' but did not require the jury to find that such words were heard and understood by persons other than plaintiff. This court there held that:

''We do not think that the expression 'in the presence and hearing of other persons' sufficiently takes the place of a requirement that the charged slander be 'heard and understood' by other persons.''

We must, therefore, conclude that the instruction given on behalf of plaintiff in the case at bar was erroneous because of its failure to require the jury to find that the alleged slanderous words were heard and understood by a person other than the plaintiff.

Appellant further contends, however, that even if this instruction be held to be erroneous, that respondent by her instruction numbered "F", in which there was no requirement that the jury find that the words were heard and understood by Dora Tuggle, thereby joined in the error and is, therefore, in no position to take advantage of the error charged against plaintiff's instruction.

By respondent's instruction "F," the jury was told that unless they found that the defendant "spoke" the slanderous words of and concerning plaintiff "in the presence and hearing of Dora Tuggle," plaintiff could not recover, but did not go further and say that unless the slanderous words were heard and understood by a third person, the jury could not find in favor of the plaintiff. An instruction on behalf of the defendant may select any particular fact essential to plaintiff's recovery and direct the jury that unless this particular fact is found, there can be no recovery. But it does not follow that the converse is true, to-wit, that if this one particular fact is found, that the plaintiff is entitled to recover. On the contrary, regardless of whether any instructions are given on behalf of the defendant direct the jury's attention to only one and less than all of the elements essential to permit a recovery, it does not follow that plaintiff's burden is thereby lessened or that he is thereby entitled to recover without proving every fact otherwise essential to his right of recovery. In other words, the defendant is entitled to a verdict in the event plaintiff fails to prove any one of the necessary elements of his cause of action. The fact that defendant, in his instructions, does not direct the jury to find a verdict in his favor in the event of the failure of proof of each and all of the essential elements of his cause of action does not in anywise effect the necessity of an instruction on behalf of plaintiff to require the jury to find every element essential to his right of recovery. This was so held in Bloomshaft v. Klauber, *supra* (l. c. 619).

In Grider v. Frable, *supra,* under circumstances identical with those presented here, it was likewise there contended that the defendant, having omitted from his instructions the same element charged as a fatal omission in plaintiff's instruction, was not in a position to complain. This court there held that:

"Under certain circumstances applicable to that theory, such may be true; but not in this case. Defendant was not required, and did not seek, to give an instruction defining and covering the whole case. Plaintiff was so required, and the obligation was on her to give a correct one. Defendant denied generally. He was entitled to and did contend, (1) that he did not call plaintiff a thief; (2) that he did not do so in the presence and hearing of other persons; (3)

that what he said was not heard or understood by other persons to attribute the term 'thief' to her. In other words, his defense was the opposite of plaintiff's contention. Hence it was necessary for her to submit to the jury, for their finding, all three of the elements she was attempting to claim. But she did not do that; but submitted only the first and second elements and omitted the third. The plaintiff was required to submit her case upon all the issues necessary to support it. But the defendant would be entitled to a finding in his favor if he succeeded in disproving any one of the said necessary elements."

Appellant cites, in support of his contention on this point, Munday v. Knox, 9 S. W. (2d) l. c. 966; Ard v. Larkin, 278 S. W. l. c. 1068; Phillips v. Railway, 226 S. W. l. c. 866. There is no language in any of these decisions, when considered in the light of the circumstances to which the language is directed, that is in the slightest conflict with what we have here said, or with the cases we have cited in connection therewith.

It follows, therefore, that the trial court properly sustained respondent's motion for a new trial, and the judgment be and is hereby affirmed. All concur.