Garsh, J.
Epithets were hurled. A lawsuit followed. This court must now decide whether the disparaging words constitute actionable slander.
The plaintiff, Susan Travers (‘Travers”), commenced this action for slander against the defendant, MarkT. Shane (“Shane”). Shane seeks summary judgment on the ground that the phrase he is alleged to have uttered contains no provably false statement of fact. For the following reasons, the defendant’s motion is ALLOWED.
BACKGROUND
Shane was the chairman of the Swansea School Committee (the “Committee”), a fivemember board elected by the voters of the Town of Swansea. Travers, a resident of the Town of Swansea and a volunteer child advocate, campaigned against Shane’s election and reelection, and appeared at almost every school committee meeting, at which time she criticized his pronouncements, policies, and opinions with regard to education. Their sparring was not confined to the meeting room. The two engaged in heated verbal battles in other public places and Shane made it clear that he detested Travers and would “get her.”
The stage was thus set for the verbal salvo that followed the school committee meeting held on May 26, 1992, at the local junior high school. After the meeting, in a hallway at the school, in the presence of several persons, Shane lashed out: “Look at you. You are nothing but a fat, fucking, disgusting bitch.”[1]
Shane did not have the last word. Travers commenced the instant action, alleging that the abuse spewed out by Travers injured her reputation and exposed her to public contempt, hatred, and ridicule. Travers seeks damages from Shane for slander.
DISCUSSION
The cause of action for defamation, be it libel or slander, provides no redress for epithets, rhetorical hyperbole, or pure statements of opinion. Lyons v. Globe Newspaper Co., 415 Mass. 258, 26667 (1993); Pritsker v. Brudnoy, 389 Mass. 776, 778 (1983). Travers contends that the language used by Shane falls outside the scope of “epithet, hyperbole, and opinion" because it can “be understood as stating actual facts about an individual.” Lyons v. Globe Newspaper Co., 415 Mass, at 266. Whether Shane’s words are capable of bearing the defamatory meaning articulated by Travers is a question of law for the court to decide. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 433 (1991); Pritsker v. Brudnoy, 389 Mass. at 779. The utterance must be examined in its totality, considering all the words used, the circumstances surrounding it, how it was disseminated and the audience to which it was addressed. Lyons v. Globe Newspaper Co., 415 Mass, at 263; Fleming v. Benzaguin, 390 Mass. 175, 18081 (1983).
Travers concedes that the word “bitch” does not constitute slander per se.[2] She maintains that this suit would not have been filed had Shane simply accused her of being a “bitch," a “stupid bitch” or a “dumb bitch.” The word “bitch” is, indeed, too imprecise and open to speculation to be actionable. See, e.g., Ward v. Zelikovsky, 643 A.2d 972, 982 (N.J. 1994) (“[T]o hold that calling someone a ‘bitch’ is actionable would require us to imbue the term with a meaning it does not have. Such a holding would, in effect, say that some objective facts exist to justify characterizing someone as a bitch . . . ‘Bitch’ in its common everyday use is vulgar but nonactionable namecalling that is incapable of objective truth or falsity”); Lee v. Metropolitan Airport Comm’n, 428 N.W.2d 815, 821 (Minn. App. 1988) (calling someone “fluffy,” a “bitch,” or “flirtatious” too imprecise to be actionable); Holliday v. Cienkowski, 3 A.2d 372, 373 (Pa. 1939) (neither “bitch” nor “slut” are actionable because such words, by themselves, impute neither lack of chastity nor adultery). Cf. Riddell v. Thayer, 127 Mass. 487, 488 (1879) (not contended that words “she is a damned bitch” were actionable).
Travers maintains that the “bitch” line of cases are distinguishable because the modifiers — "fucking," “fat” and “disgusting" — turn the expletive into per se slander. They suggest, according to Travers, the following undisclosed defamatory fact: Travers is unchaste and promiscuous. In contrast to the opprobrium “bitch,” the words uttered by Shane can be proven true or false, according to Travers, by proof that she was or was not “out whoring, going to bed with all types of men and giving her body around town.” If “it can be proven that she’s found in motels at night or in men’s houses or homes or in backs of cars in parking lots of restaurants,” you could then prove that she is a “fucking bitch.” Travers argues that Shane’s invective is not too imprecise because the dictionary definition of “promiscuous” — "not restricted to one sexual partner" — is specific enough to be proven true or false. Webster’s New International Dictionary 1815 (3d ed. 1961).
The premise of Travers’ argument is that “fat, fucking, disgusting bitch” equals “whoring bitch,” which, in turn, equals “promiscuous person." Relying upon cases that hold that the phrase “whoring bitch” is actionable, e.g., Cameron v. Cameron, 144 S.W. 171, 173 (Kansas City Ct. App. 1912),[3] Travers asserts that *142 “then so is ‘fucking bitch.’ What is the difference?” No reasonable person would give the answer Travers does — "None"—to the question she poses.
The word “fucking,” as it is all too commonly used in modern parlance, is a word of emphasis meaning nothing more, as an adjective, than “wretched,” “rotten” or “accursed” in the same way that “damn” is used, or than “extremely” or “very,” as an adverb. Robert L. Chapman, Ph.D., ed., New Dictionary of American Slang, 151 (1986). It has no sexual connotation at all. “Bitch” has come to be the “equivalent of the masculine bastard as a general term of opprobrium;” it means a “woman one dislikes or disapproves of especially] a malicious, devious, or heartless woman.” Id. at 28. No torturing of these colloquial words uttered in the “course of the classic facetoface confrontation,” Fleming v. Benzaquin, 390 Mass, at 18182, can turn them into an accusation of promiscuity or imputation of unchastity. Cf. Gomez v. Hug, 645 P.2d 916, 923 (Kan. App. 1982) (“fucking spic” and “fucking Mexican greaser” not slander per se); Bucher v. Roberts, 595 P.2d 239, 241 (Colo. 1979) (notdefam-atoiy, as a matter of law, for supervisor to criticize buyer for using too many sources by uttering: “You did not need two fucking gabardine resources. You are presently jacking yourself off with Metro slacks, and another fucking resource”).
A “whore,” on the other hand, refers to a woman who has “unlawful sexual intercourse,” especially for hire. Webster’s New International Dictionary 2612 (3d ed. 1961). Not surprisingly, therefore, the phrase “whoring bitch” might subject the speaker to damages in an action for slander. In the context in which it was used by Shane, no reasonable person would have understood the words “fucking bitch” to have an undertone of sexual promiscuity. Compare Riddell v. Thayer, 127 Mass, at 490 (“In itself, the word ‘bad’ imports no crime, and is not actionable. But . . . [i]f the subject of discourse in relation to a female is chastity, the use of the word ‘bad’ might import the want of conjugal fidelity, if the woman were a married woman; and when the charge against a married woman is that she is a bad woman, a bitch, and a whore, the court cannot say, as matter of law, that the word bad does not import a want of chastity . . .”).
Shane’s piling on of such modifying words as “disgusting” and “fat” to the expression “fucking bitch” does not turn his vituperative outburst into one suggesting undisclosed defamatory facts. Those words, by themselves or in conjunction with the other words used by Shane, do not convey promiscuity or lack of chastity. See, e.g., Bauer v. Murphy, 530 N.W.2d 1, 6 (Wis. App. 1995) (“To be called a ‘disgrace’ is generally disparaging . . . [but] the word does not reasonably carry with it an assertion of ‘unchastity’ or sexual misconduct, whether taken in isolation or in the context in which the remark was made”); Evarts v. Downey, 16 Media L. Rptr. 2449, 245152 (N.Y. S. Ct. 1989) (phrases “fat bitch,” “pair of tits with legs,” and “hairy armpit” fall into the category of nonactionable “mere opprobrium”); Weiner v. Doubleday & Co., Inc., 535 N.Y.S.2d 597, 600 (N.Y. App. Div. 1988) (derogatory phrase “big fat, ugly Jew" mere epithet and, thus, not actionable defamation), aff'd 549 N.E.2d 453 (N.Y. 1989), cert. denied 495 U.S. 930 (1990); Moriarty v. Lippe, 294 A.2d 326, 33334 (Conn. 1972) (“big fat oaf’ and “big fat ape” not slanderous per se); Parmelee v. Hearst Publishing Co., Inc., 93 N.E.2d 512, 51415 (Ill App. 1950) (accusing one of being the “author of depraved books” who wrote books so “disgusting” that he was “pinched” could not be understood by the ordinary reasonable reader as charging plaintiff with distributing obscene literature). Cf. Fleming v. Benzaquin, 390 Mass, at 18182 (reversing order denying motion for summary judgment on the grounds that the words “arrogants,” “little monkey,” “tough guy”, “nut,” “servile,” “unconscionable,” “reprehensible,” “merciless,” and “absolute outrage” are no more than “harsh judgment” based upon disclosed facts or “mere vituperation and abuse,” that “cannot be characterized as assertions of fact”); Pritsker v. Brudnoy, 389 Mass, at 782 n. 8 (use of the term “pigs” held not to imply undisclosed defamatory fact that persons spoken about were unhygienic and unsanitary).
What Shane called Travers “defies definition and has as many shades of meaning as there are persons who use it and occasions for its use.” Bander v. Metropolitan Life Insurance Co., 313 Mass. 337, 346 (1943) (“disgrace” is not slander per se); Restatement (Second) ofTorts, §566, comment e (1977) (“There are some statements . . . which cannot reasonably be understood to be meant literally and seriously and are obviously mere vituperation and abuse. A certain amount of vulgar namecalling is frequently resorted to by angry people without any real intent to make a defamatory assertion, and it is properly understood by reasonable listeners to amount to nothing more.”).
In sum, it would be unreasonable to find that Shane implied the existence of undisclosed, defamatory facts. No reasonable person exposed to Shane’s invective, uttered facetoface as part of an ongoing feud between the two of them unrelated to sex, could have concluded that Shane thought that Travers was promiscuous. Any reasonable listener would believe that Shane was expressing disgust for Travers, albeit in a particularly obnoxious fashion. Travers’s recourse lies in the ballot box, not in the court room.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED.

For purposes of this motion, Shane is willing to assume that the words were uttered by him as Travers alleges.

“It is settled that words spoken orally are not actionable per se, unless they charge the plaintiff with a crime, or state that he is suffering from certain diseases, or prejudice him in his office, profession or business or may probably tend to do so.” Sharratt v. Housing Innovations, Inc., 365 Mass. 141, 147 *143 n.l (1974), quoting Lynch v. Lyons, 303 Mass. 116, 11819 (1939). A statement that imputes serious sexual misconduct to another may also constitute slander per se. Restatement (Second) of Torts §570 (1977). Travers concedes that she suffered no special damages. Therefore, she is proceeding only under a theory of slander per se. Sharratt v. Housing Innovations, Inc., supra. In any event, there is no evidence of extrinsic facts tending to demonstrate that the words could have been understood to convey a defamatory meaning not apparent on their face.

hat court drew the following distinction between “bitch” and “whoring bitch”: “ The word "bitch," although a very gross and ruffianly expression when applied to a woman, in its common acceptation, does not imply whoredom in any of its forms, and therefore, where a woman is so called, the words are not actionable without averring explanatory facts and circumstances showing that the meaning of the word as used was different from what it ordinarily imports.’ But to call a women “a whoring bitch” is a slander per se, since the adjective carries the charge that the woman has been guiliy of fornication or adultery." Cameron v. Cameron, supra at 173. See also Traylor v. White, 170 S.W. 412, 413 (St. Louis Ct. App. 1914) (“whoring bitch” is slander per se).