**Eugene M. HUFFMAN, a Minor, by his Father and Next Friend, Thomas Huffman, Respondent,**

v.

**Charles YOUNG, Appellant.**

**No. 55901.**

Supreme Court of Missouri, Division No. 2.

April 10, 1972.

E. J. Murphy, Butler, for respondent.

Roy F. Carter, Kansas City, for appellant; Sprinkle, Carter, Larson & Hanna, Kansas City, of counsel.

MORGAN, Presiding Judge.

After trial to a jury, judgment was entered in favor of plaintiff in the amount of twenty-five thousand dollars for injuries suffered in an automobile collision. On appeal, defendant presents one issue, which is: "The verdict is excessive and indicates passion and prejudice on the part of the jury in favor of the plaintiff and against defendant."

Plaintiff, then 17 years of age, was in the hospital from the date of the collision on May 6 to May 23, 1969. Upon admission, he was found to be in deep shock with a massive accumulation of blood in the abdomen. During emergency surgery, it was found that he had a fractured spleen, which was removed, and also a contusion of the liver. Post operative treatment included aspiration of fluid from the chest cavity on two occasions. The splenectomy required the use of a catheter in the urinary tract for two weeks, from which, plaintiff developed a stricture of the urethra which is not, generally, susceptible to surgical repair because of the nature of the tissues involved. The stricture or scar tissue is controlled by regular dilation of the damaged area (twice a day at time of trial on April 29, 1970). Such treatment calls for the application of a local anesthetic by use of a syringe prior to "insertion of a Q-tip with ointment" into the urethra canal. The prognosis, as shown by the evidence, was thought to be good if plaintiff follows a regular schedule of urethral dilation over a period of several years, ten years or perhaps during his

lifetime. Generally, the doctors agreed that the functions of the spleen, after removal, are carried out by other organs in the body; and a person can carry out normal physiological functions without significant difficulty in the absence of the spleen, but that there are certain situations where it would be to one's advantage if it were still present. The spleen, being a part of the lymphatic system, traps infection as it comes through the bloodstream and would be needed most in the event of abdominal infection. Other injuries included lacerations over one eye and to the hips requiring twenty-seven sutures with some scarring through the left eyebrow.

The parties agree that they have been unable to find cases wherein the injuries considered were so similar as to provide any bases for comparison. This is not unusual in the area involved, Hodges v. Johnson, Mo.App., 417 S.W.2d 685, 689, and we repeat, again, that each case must rest upon its own facts. Representative cases cited by defendant include Hart v. City of Butler, Mo., 393 S.W.2d 568; Statler v. St. Louis Arena Corporation, Mo., 388 S.W.2d 833; Corte v. St. Louis Public Service Company, Mo., 370 S.W.2d 297; Westfall v. Mossinghoff, J & Company, Mo., 345 S.W.2d 148; Price v. Seidler, Mo., 408 S.W.2d 815 and Hodges v. Johnson, supra. Plaintiff suggests Cotant v. United States (D.C.Idaho), 103 F.Supp. 770; Meares v. Dixie Creameries, 9 La.App. 213, 120 So. 133 and Mercurio v. State, 33 Misc.2d 729, 227 N.Y.S.2d 372. See also Mo.Dig., Damages, ⊜Nos. 127 and 130. Lack of definitive guidance is further complicated by the fact that, "In view of the rapid development of the inflationary trend in this nation judgments being considered today cannot be compared with those rendered several years ago." Joly v. Wippler, Mo., 449 S.W.2d 565, 571.

Nevertheless, our approach to the problem was delineated clearly in Brown v. Moore, Mo., 248 S.W.2d 553, wherein the court said, 1. c. 559: "In determining, on an appeal, the adequacy or inadequacy of damages awarded by a jury's verdict in a personal injury damage suit, all reasonable presumptions are to be indulged in favor of the verdict and the evidence must be viewed favorably to the verdict. We must keep in mind that the question of the amount of damages is primarily for the jury. The jury's broad discretion in fixing the amount of the award is conclusive on appeal, especially where the verdict has the approval of the trial court, unless the appellate court can say that the verdict is so shockingly and grossly excessive or inadequate as to indicate that the amount of the verdict is due to passion and prejudice; and that the broad discretion granted to the jury and to the trial court in weighing the evidence has been arbitrarily exercised and abused. Wilhelm v. Kansas City Public Serv. Co., 358 Mo. 6, 212 S.W.2d 915, 918; Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481, 485; Cruce v. Gulf, Mobile & Ohio R. Co., 361 Mo. 1138, 238 S.W.2d 674, 681; Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469, 470. If the verdict is in fact so grossly and shockingly inadequate as to indicate that it resulted from passion and prejudice it should be set aside. Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618, 623; English v. Thrower, Mo.App., 146 S.W.2d 667. Each case must be ruled upon its own peculiar facts. Coghlan v. Trumbo, Mo.Sup., 179 S.W.2d 705; Hemminghaus v. Ferguson, supra." See also Boehmer v. Boggiano, Mo., 412 S.W.2d 103, 109.

In the instant case, there is no great dispute as to the injuries suffered by plaintiff. From the testimony given by the several doctors, we can only conclude that plaintiff may have a healthy life without a spleen, but if attacked by serious infections its absence may be the difference between life and death. As to the stricture of the urethra, it is suggested that such obstructions tend to cause a continuing low-grade type of infection in the urinary tract. Whether or not this condition will continue to lend itself to treatment by dilation or cause future difficulty in passage of urine or emission of seminal fluid can not be re-

solved with certainty. Plaintiff suggests that consideration be given to the humiliation and physical pain he has and will continue to suffer, particularly, in view of the fact treatments are administered at home by his mother. Such facts, as well as others, were all presented to and considered by the jury. The trial court not only heard but personally observed the presentation of all evidence pertaining to plaintiff's injuries; and, after reflection thereon, it found no reason to disturb the verdict of the jury. Before this court can do so and declare that the verdict exceeded "some" permissible maximum, we must find that the amount awarded shocked the conscience of the court. This did not occur.

The judgment is affirmed.

All of the Judges concur.